S. YANOWE & Co., INC., Respondent, *v.* AMERICAN EXCHANGE IRVING TRUST COMPANY, Appellant, Impleaded with TERMINAL TRUST COMPANY, Defendant. (Appeal No. 1.)

S. YANOWE & Co., INC., Respondent, *v.* AMERICAN EXCHANGE IRVING TRUST COMPANY, Respondent, Impleaded with TERMINAL TRUST COMPANY, Appellant. (Appeal No. 2.)

First Department, May 24, 1929.

*Everett F. Warrington* of counsel [*Robert H. Woody*, attorney], for the appellants.

*Hugo Wintner* of counsel [*Robert P. Schur* with him on the brief; *Fox, Weller & Wintner*, attorneys], for the respondent.

PROSKAUER, J.   Plaintiff sues in conversion on twelve causes of action.   In each one it alleges that the defendant American Exchange Irving Trust Company, with which it had an account, converted moneys by the payment of plaintiff's funds to the payee of a specific check upon a forged indorsement.   The defendants appeal from orders granting motions for summary judgment for the full amount sued for.

The orders appealed from were properly made, except in so far as they relate to the second, fifth and eleventh causes of action. As to these causes of action I think a severance should be ordered and a trial had.   The confessed forger, in an affidavit submitted on behalf of the defendants, states that he paid to the payee of the check involved in the second cause of action the entire proceeds of that check, $142.30; that he similarly paid to the payee the entire proceeds of the check involved in the eleventh cause of action; and that out of the proceeds of the check involved in the fifth cause of action he paid $500 to the payee named in that check. The defendant American Exchange Irving Trust Company is equitably entitled to claim credit for these payments.   *Shipman* v. *Bank S. N. Y.* (126 N. Y. 318), relied on by the respondent, is not an authority to the contrary.   There the forger had been guilty of

many collateral frauds; he had made some payments from the proceeds of these frauds to creditors of the plaintiffs; but, in the language of O'BRIEN, J., " It was not shown by what funds or in what manner Bedell made good to the payees the amount of the checks intended for them. None of the money paid by him was traced to the defendant." For that reason it was held that the defending bank could not demand the application of these payments against that portion of the plaintiffs' loss for which it was responsible. The averment in the case at bar, however, is that the identical money received by the forger from the bank was turned over to the payee. The plaintiff benefited by these payments to its creditors. It had the same advantage from them that it would have had if the checks had been directly paid to the named payees. If the affidavit of the forger is assumed to be true, the plaintiff should not be allowed to recover from the bank the very moneys which have already been applied to its use.

As to these three causes of action a question of fact is raised. The orders and judgments appealed from should, therefore, be modified in accordance with this opinion, and as so modified affirmed, without costs.

FINCH, MERRELL, MARTIN and O'MALLEY, JJ., concur.

Orders and judgments modified as directed in opinion and as so modified affirmed, without costs. Settle orders on notice.