AMERICAN SURETY COMPANY OF NEW YORK, Respondent, *v.* EMPIRE TRUST COMPANY, Appellant.

First Department, February 3, 1933.

*William J. McArthur*, for the appellant.

*William Lurie* of counsel [*David S. Konheim*, with him on the brief; *William Lurie*, attorney], for the respondent.

O'MALLEY, J.   Plaintiff sues as subrogee and assignee of Barstow & Co., a depositor of the defendant bank.   Plaintiff's bond given by it to Barstow & Co. protected the latter against loss arising through any dishonest act of any of its employees committed directly or by collusion with others.   The action seeks to recover the proceeds of fifteen checks drawn by Barstow & Co. upon its account with the defendant, which checks, it is claimed, were paid by the defendant upon forged indorsements of the payees.   Plaintiff was required to indemnify Barstow & Co. for the loss thus sustained, and seeks in this action to compel the defendant to repay to it the amount it was required to pay to Barstow & Co.

The issue presented is whether there was a forgery of the checks in question.   The defendant concedes that the three checks upon which the first three causes of action are based were forged and that the plaintiff was properly granted summary judgment for the amount involved in these three causes of action.   With respect to the actions based upon the remaining twelve checks, however, it is urged that no forgery was established and that the motion for judgment, in so far as it was predicated upon these causes of action, was improperly granted.

Our conclusion is that the defendant's contention must be sustained.   The facts show that Henry Ventrice, an employee of Barstow & Co., acting within the scope of his duties, prepared and approved false vouchers for payments to be made by Barstow & Co., which issued its checks to cover the false vouchers.   Of the fifteen checks issued, three were to the order of a fictitious person, B. Englert, and were indorsed by Ventrice and the proceeds collected by him.   It is clear there was forgery as to these three checks and the defendant so concedes.   (*Shipman* v. *Bank S. N. Y.*, 126 N. Y. 318, 331.)

The remaining twelve checks, however, were drawn to the order of H. Maresca, the mother of Ventrice.   They were regularly indorsed by Mrs. Maresca and deposited in her account in another bank and the proceeds paid over by her to Ventrice.   It is apparently conceded that Mrs. Maresca was wholly ignorant of the fraud perpetrated by her son who had informed his mother that the checks represented the proceeds of a trading account that he was carrying in her name for his own benefit.

Counsel are agreed upon the rule to be applied in determining whether there was or was not a forgery. The true test is whether the indorsement of the name of the payee is made by the person intended by the maker to be the payee. If such person indorsed, then there is no forgery. (*Strang* v. *Westchester County Nat. Bank,* 235 N. Y. 68; *Mercantile National Bank* v. *Silverman,* 148 App. Div. 1; affd., 210 N. Y. 567.)

In cases relied upon by the learned trial justice in support of the decision (*Shipman* v. *Bank S. N. Y., supra; Strang* v. *Westchester County Nat. Bank, supra; United Cigar Stores Co.* v. *American Raw Silk Co., Inc.,* 229 N. Y. 532; *Ulmann Co., Inc.,* v. *Central Union Trust Co.,* 257 id. 563) and others cited by the respondent's counsel, the persons named as payees in the checks were fictitious. The case of *Hartford* v. *Greenwich Bank* (157 App. Div. 448, 450, 454; affd., 215 N. Y. 726), recently disapproved and overruled in *Ulmann Co., Inc.,* v. *Central Union Trust Co. (supra),* does not support the respondent's claim. There, the checks were made payable to James Wilson, a name assumed by the person who perpetrated the fraud.

No case has been called to our attention, nor have we been able to find one, where it has been held that forgery has been committed by an actual person named as payee who indorsed it as such payee.

In *Strang* v. *Westchester County Nat. Bank (supra),* the Court of Appeals seems to have clearly indicated that in such a case there would be no forgery. In that case one Bushnell, an attorney, represented to the plaintiff that his client, Remsen, desired to secure a loan on bond and mortgage covering real estate represented by Bushnell to be owned by Remsen. Plaintiff, relying upon such statement, drew a check to the order of Remsen and delivered it to Bushnell. Remsen, the payee, was a fictitious person and a name assumed by Bushnell for the purpose of perpetrating a fraud on the plaintiff. Bushnell indorsed the name Remsen and collected the proceeds of the check. It was held, of course, that Bushnell was not intended by the drawer of the check to be the payee, and that Bushnell's indorsement of the name Remsen constituted a forgery. It was stated, however (p. 72): " Remsen, if a real person, might have endorsed the draft without liability as a forger, however fraudulent the statement that he was the owner of the land."

We are not now concerned with the question of whether Ventrice was guilty of larceny. We are concerned with the question of whether the defendant bank may be held for paying the proceeds of the checks to the actual payee named therein, after an indorsement by such person. So far as the defendant bank is concerned,

Barstow & Co. must be deemed to have intended Mrs. Maresca to be the payee of the checks in question.

It follows that the order and judgment should be modified by granting partial summary judgment to the extent recovery is sought on the first three causes of action, and severing the action and denying the motion in so far as it is predicated on the other twelve causes of action; and as thus modified, affirmed, with costs to appellant.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order and judgment modified as indicated in opinion, and as so modified affirmed, with costs to appellant. Settle order on notice.