MIDDLE STATES LEASING CORPORATION, Respondent, v MANU-FACTURERS HANOVER TRUST COMPANY, Appellant and Third-Party Plaintiff-Appellant; FEDERAL RESERVE BANK OF NEW YORK, Third-Party Defendant-Respondent-Appellant.

First Department, May 9, 1978

**APPEARANCES OF COUNSEL**

*Rolon W. Reed* of counsel *(Rebecca H. Dent* with him on the

brief; *Simpson Thacher & Bartlett,* attorneys), for defendant and third-party plaintiff-appellant.

*Donald B. Relkin* of counsel *(Michael J. Gerstein* and *Robert J. Miller* with him on the brief; *Kreindler, Relkin & Goldberg,* attorneys), for third-party defendant-appellant-respondent.

*Sidney A. Fine* of counsel *(Burton M. Fine* and *David J. Rosen* with him on the brief; *Fine, Tofel, Saxl & Berelson,* attorneys), for respondent.

### OPINION OF THE COURT

LUPIANO, J. P.

Plaintiff made a check drawn on defendant Manufacturers Hanover Trust Company, payable to the order of Interpace Corporation and United Leasing Services, Inc., in the sum of $150,050, which it delivered to United Leasing Services, Inc. The check was deposited by United Leasing in its account at Midlantic National Bank of New Jersey, the purported indorsement on the back reading as follows: "Pay to the order of Interpace Corporation and United Leasing Services, Inc." Manufacturers received the check through normal banking channels and paid it, debiting plaintiff's account accordingly on January 5, 1976. Subsequently, after being alerted that something was amiss, the drawee (Manufacturers) mailed the check back to Midlantic National Bank, the first collecting bank (the depositary bank) for "personal endorsements." Midlantic returned the check to the drawee with *only the indorsement of United Leasing.* Plaintiff, as maker, consequently sued the drawee bank.

■ Where a check is made payable to copayees, the indorsement of both is necessary for negotiation (Uniform Commercial Code, § 3-116). Patently the check should not have been paid by the depositary bank, any subsequent collecting bank or the drawee bank where the purported indorsement was so *obviously* inadequate. The improper payment of this check was caused neither by a material alteration nor by an unauthorized signature. However ill-advised plaintiff may have been in drawing this check payable to two copayees instead of to only one of the payees, namely, Interpace Corporation, such conduct did not and cannot absolve the drawee bank in its departure from reasonable commercial standards in paying this instrument.

With respect to the defense of unjust enrichment, the

defendant drawee bank notes that "a drawer may be precluded from recovering on an improperly paid check where the proceeds of the check actually reached the person intended to receive them * * * This equitable defense is founded on the concept of unjust enrichment and is based on the view that the drawer should not be permitted to recover from the drawee bank where he has suffered no loss from the improper payment of a check" *(Tonelli v Chase Manhattan Bank, N. A., 41 NY2d 667, 670-671).* The drawee bank then argues that as one of the copayees, United Leasing, received the proceeds and as the other payee, Interpace, maintains no claim or interest in the check, plaintiff is not entitled to obtain summary judgment on the check against the drawee.

██ ██ "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial" *(Di Sabato v Soffes,* 9 AD2d 297, 301). Defendant drawee bank has failed to observe this burden. *It is undisputed, on this record, that Interpace received none of the proceeds of the check.* In this context, it was necessary for the drawee bank to demonstrate, to lay bare its proofs that recovery by plaintiff on the check would constitute unjust enrichment. Clearly, plaintiff, as maker, intended that Interpace have an interest in the check. If this intent resulted from mistake induced by some third party, not an agent or employee of the maker, it does not benefit the drawee bank. It is not requisite for plaintiff in order to recover summary judgment to demonstrate the inadequacy of each and every defense raised. The burden of proving such defense rests with *the defendant.* Common sense dictates that defendant drawee bank's "bootstrap" argument relevant to unjust enrichment may not serve to deny, on this record, plaintiff's clearly meritorious claim.

The drawee bank in its studied attempt to avoid or delay honoring its obligation to answer to the plaintiff drawer for the amount of the check herein, argues that its discovery demonstrates the following: Plaintiff was to buy equipment from Interpace and lease it to Mancrete, Inc. United Leasing brought the deal to plaintiff and was to receive a commission for its service as a broker. Plaintiff made out a check for the price of the equipment to Interpace only, but was persuaded by United Leasing to make the check payable jointly to

Interpace and United Leasing because Interpace owed money to United. Interpace, however, was selling the equipment directly to Mancrete and was surprised by plaintiff's inquiry as to whether Interpace had received the check or its proceeds. Accordingly, argues the drawee, "these facts demonstrate that this suit is not a single bad check case, but involves some complicated and highly suspicious business arrangements." This case is analogous to one in which the drawee bank has paid a check over a forged indorsement. Indeed, the same rules apply where a bank honors a check payable to order which lacks the indorsement of the payee. Where the proceeds of a check bearing a forged indorsement are actually paid to the payee named therein, the drawee bank cannot be held liable for the amount of such check *(Yanowe & Co. v American Exch. Irving Trust Co.,* 226 App Div 530). "The bank which paid a check the payee's indorsement of which was forged *may claim credit against the drawer for the amount turned over to the true payee from the identical money received by the person who procured the payment"* (5A NY Jur, Banks And Trust Companies, § 393; emphasis supplied). As noted in *Yanow & Co. v American Exch. Irving Trust Co. (supra,* p 532) "[t]he averment * * * that the identical money received by the forger from the bank was turned over to the payee" is sufficient, if true, to preclude recovery from the bank by the maker of "the very moneys which have already been applied to its use."

A further example of payment of the identical proceeds of the check being ultimately received by the payee sufficient to shield the drawee bank from liability is *Gotham-Vladimir Adv. v First Nat. City Bank* (27 AD2d 190). In that case the maker drew checks payable to Clark-Gotham Associates, Inc., which were deposited in an account maintained by Clark Associates with the indorsements "For deposit, Clark Associates of Puerto Rico." Although the indorsements were improper and unauthorized, this court noted that it was undisputed that the payee never had an independent bank account, but without objection from the maker used the account of Clark Associates as a depositary of funds due the payee. As the maker conceded that the funds were received by the named payee, no recovery was allowed against the drawee banks. This court succinctly observed: "a drawer is precluded from recovering from the drawee bank for paying his check on a forged or unauthorized indorsement *where the proceeds of*

*the check actually reach the person whom the drawer intended to receive them"* (*Gotham-Vladimir Adv. v First Nat. City Bank, supra,* pp 192-193; emphasis supplied).

An excellent statement of this principle is enunciated in *Sweeney v National City Bank of Troy* (263 App Div 418, 423) as follows: "The law has recognized certain equitable defenses to the strict liability of a bank paying on a forged check. *Shipman v. Bank of State of N. Y.* [126 NY 318] is one of the leading cases in this field * * * I understand the rule in the *Shipman* case to be that the bank is held on its promise to its depositor ·unless the depositor is estopped by his own acts or omissions, or unless the bank can show that the money which it paid on the forgery reached the payee for whom it was actually intended * * * [I]f it could be shown that the funds which the forger made good to the payee *could be traced to the defendant bank,* the basis for an equitable defense to the legal liability of the bank is established. This tracing is, of course, entirely a matter of proof" (emphasis supplied).

Again, as critically observed in *Sundail Constr. Co. v Liberty Bank of Buffalo* (277 NY 137, 141) "[t]he payee's intention has nothing to do with such a matter, as a drawer is entitled to all the protection which the law affords when he passes his signature into circulation."

Most recently, in *Tonelli v Chase Manhattan Bank, N. A.* (41 NY2d 667, *supra),* the plaintiff maker's certified check drawn on Chase Manhattan payable to Totowa Savings and Loan, a New Jersey bank, marked "CD" to indicate that it was drawn for the purpose of purchasing a certificate of deposit, was replaced by the drawee at the instance of a third party with its cashier's check payable *to the same payee.* The cashier's check was utilized to open an account in the name of a party other than the payee. The issue whether the drawee bank was absolved from liability because the cashier's check was made payable to the same payee as the customer's certified check for which it was exchanged was answered in the negative. In trenchant language, the Court of Appeals declared: "This argument overlooks the nature and function of the cashier's check issued in the exchange. The cashier's check, the effective equivalent of the funds which it represented [citation] did not indicate its origin and purpose as did the Fund's check * * * Totowa, the true payee, *never actually received the proceeds of the original certified check* for the

purpose intended by the drawer" *(Tonelli v Chase Manhattan Bank, N. A., supra,* p 671; emphasis supplied).

■ As the check herein was payable to United Leasing and Interpace as copayee, the check could be negotiated and enforced only by *all* of the named payees (Uniform Commercial Code, § 3-116). To avail itself of the unjust enrichment defense, it was necessary for the drawee bank to aver and demonstrate that the proceeds of the check were received by *all* the payees. In light of Interpace's undisputed declaration that it received *none* of the proceeds of the check, the drawee bank has failed to shield itself from its mistakes in paying the amount of the check without observing its lack of proper indorsement and in debiting plaintiff's account for such amount. Under such circumstances the drawee bank is answerable to the plaintiff drawer for the entire amount of the check.

■ Regarding the third-party action, factual issues are raised, among which is the issue of whether the drawee bank's claim for breach of warranty was made within a reasonable time as contemplated by subdivision (4) of section 4-207 of the Uniform Commercial Code. Special Term denied the motion by the drawee bank for an order adjourning the date by which *all* parties must complete discovery. While it is evident on this record that discovery in the main action was in consequence of dilatory pretrial progress,* in effect, completed, nevertheless additional discovery necessary to the third-party action should not have been proscribed. The complexity of the factual issues raised in the third-party action warrants affording to the parties thereto a further opportunity to complete pretrial discovery.

Order, Supreme Court, New York County (FEIN, J.), entered August 1, 1977, which, *inter alia,* denied a motion by defendant and third-party plaintiff for an extension of time to complete discovery; denied a motion by said party for summary judgment against the third-party defendant; granted plaintiff's cross motion for partial summary judgment against defendant on its first cause of action, and directed entry of judgment in plaintiff's favor in the amount of $150,050 plus interest, should be modified, on the law and in the exercise of discretion, to the extent of substituting for the first decretal

---

* The record demonstrates that pretrial depositions were obtained from the plaintiff and from two employees of Interpace Corporation by the drawee bank.

paragraph thereof the provision that the deadline for completion of pretrial discovery with respect to the parties and issues still remaining in this action is extended until 60 days after service of the order of this court, and, as so modified, affirmed, with one bill of costs and disbursements. The judgment of said court entered on August 3, 1977 should be affirmed.

LYNCH, SANDLER and SULLIVAN, JJ., concur.

Order, Supreme Court, New York County, entered on August 1, 1977, unanimously modified, on the law and in the exercise of discretion, to the extent of substituting for the first decretal paragraph thereof the provision that the deadline for completion of pretrial discovery with respect to the parties and issues still remaining in this action is extended until 60 days after service of a copy of this court's order, and, as so modifed, affirmed. Judgment of said court entered on August 3, 1977 unanimously affirmed. Plaintiff-respondent shall recover of appellants one bill of $60 costs and disbursement of these appeals.