VLADIMIR KOSIC, Appellant-Respondent, v MARINE MIDLAND BANK, Defendant and Third-Party Plaintiff-Respondent-Appellant. FIRST NATIONAL BANK, Third-Party Defendant-Respondent-Appellant.

Fourth Department, July 10, 1980

## APPEARANCES OF COUNSEL

*Maas, Weinstein, Hutchings & Vullo (Richard P. Vullo* of counsel), for appellant-respondent.

*Harter, Secrest & Emery (Donald S. Mazzullo* of counsel), for Marine Midland Bank, respondent-appellant.

*Shapiro & Rosenbaum (Warren B. Rosenbaum* of counsel), for First National Bank, respondent-appellant.

## OPINION OF THE COURT

HANCOCK, JR., J.

Plaintiff, a depositor, has sued defendant Marine Midland Bank (Marine) for charging his account with two cashier's checks which were not "properly payable" (Uniform Commercial Code, § 4-401). The central question in this appeal stems from the contention of Marine and third-party defendant First National Bank (First National), the collecting bank, that Marine is relieved of any liability as drawee because the funds covered by the checks reached the intended payee. Special Term has denied plaintiff's motion for summary judgment as well as the cross motions of Marine and First National for summary judgment and dismissal of plaintiff's complaint. All three parties appeal. No issue pertaining to liability as between Marine and First National is presented.

Plaintiff and Suzanne Ferry had agreed to form a corporation, Captain Blake's, Inc., for the purpose of purchasing a restaurant. In January, 1978 plaintiff deposited $25,000 in his checking account with Marine and caused Marine to issue two cashier's checks drawn on the account—one for $20,000 and one for $5,000, each made payable to Captain Blake's, Inc. The checks were drawn pursuant to an escrow agreement with Ferry in which plaintiff agreed to deposit $25,000 to be held, pending the consummation of the transaction, in an account in the Central Trust Company in the name of Captain Blake's, Inc.

Ferry proceeded not to Central Trust but to First National where she opened a joint savings account in the name of "Suzanne Ferry and Bruce (Kevin) Ferry" and a checking account in the name of the corporation to be formed. When she opened the checking account, she signed a temporary signature card as president of Captain Blake's, Inc., and was given permanent signature cards and forms for the signatures of other officers and for corporation banking resolutions. Al-

though the bank requested that she return the permanent signature cards and the corporate resolutions as soon as possible, it never received them. In the joint savings account, Ferry deposited $4,400 of her own money and also the $25,000 represented by the two cashier's checks which she indorsed on the back "S. Ferry" without reference to the payee, Captain Blake's, Inc.

Ferry then applied for and obtained a loan from First National to Captain Blake's, Inc., in the amount of $30,000 giving back a demand note bearing interest at 2% above prime rate which she executed on behalf of the corporation as president and which she personally guaranteed by affixing her indorsement. After obtaining from Ferry an assignment of the full proceeds ($29,400) of the joint savings account as collateral, the bank credited the Captain Blake's, Inc., checking account with the amount of the loan—$30,000.

When, in due course, the cashier's checks payable to Captain Blake's, Inc. bearing the purported indorsement "S. Ferry" were presented for payment, Marine honored the checks, paid the $25,000 to First National and charged plaintiff's account. Although corporate banking resolutions had not been filed, Suzanne Ferry drew several checks against the corporate checking account reducing the balance to $3,500 on January 31, 1978. On February 2, because it had been necessary to return a substantial check drawn upon insufficient funds in the Captain Blake's, Inc. account, First National exercised its right under the collateral assignment of the savings account and applied the $29,400 to the $30,000 note. The unsatisfied principal balance of the loan ($600), plus the accrued interest ($180.82), First National charged directly against the Captain Blake's, Inc. account. The restaurant project never materialized; the corporation was never formed; and, when plaintiff demanded the return of his $25,000, this lawsuit ensued.

Preliminarily, we observe that, were it not for the asserted defense, there would, in our opinion, be no doubt as to the liability of Marine. Because the two cashier's checks did not bear the indorsement of the payee, Captain Blake's, Inc., Marine breached a duty owed to its customer in charging against his account items which were not "properly payable" (Uniform Commercial Code, § 4-401; *Tonelli v Chase Manhattan Bank, N. A.,* 41 NY2d 667; 5A NY Jur, Banks and Trust Companies, § 380, pp 129-130). "The drawee bank stands in a

debtor-creditor relationship to its customer and may make payment on checks drawn against its customer's account only as directed by the latter *(Sundail Constr. Co. v Liberty Bank,* 277 NY 137, 141-142; *Shipman v Bank of State of N.Y.,* 126 NY 318, 327; *Lynch v First Nat. Bank of Jersey City,* 107 NY 179, 184; 5B Michie, Banks and Banking, § 277a, p 78)." *(Tonelli v Chase Manhattan Bank, N. A., supra,* p 670; see, also, *City Trust Co. v Botting,* 139 Misc 684).

We turn then to the defense that the proceeds of the two checks reached the intended payee. It is a general rule that a drawer may not recover from the drawee bank "on an improperly paid check where the proceeds of the check actually reached the person intended to receive them *(Sundail Constr. Co. v Liberty Bank, supra,* p 142; *Lynch v First Bank of Jersey City, supra,* p 184; *Sweeney v National City Bank of Troy,* 263 App Div 418, affd 290 NY 624; *Gotham-Vladimir Adv. v First Nat. City Bank,* 27 AD2d 190, 192-193; 5B Michie, *op. cit.,* § 277a; 5A NY Jur, Banks & Trust Companies, § 393)" *(Tonelli v Chase Manhattan Bank, N. A., supra,* pp 670-671). The rule is based on the equitable principle that the drawer should not be unjustly enriched and "on the view that the drawer should not be permitted to recover from the drawee bank where he has suffered no loss from the improper payment of a check" *(Tonelli v Chase Manhattan Bank, N. A., supra,* p 671).

Here, Marine and First National would invoke the doctrine contending that, because the two checks were deposited in the Ferry savings account which was in turn used as collateral to generate the $30,000 loan proceeds deposited in the checking account, Captain Blake's, Inc. received the full benefit of the checks. Defendants argue that the net effect of the transactions was equivalent to a direct deposit of the checks in the payee's checking account and that the loss to plaintiff and Captain Blake's, Inc. was due solely to the defalcations of Suzanne Ferry which would have occurred even if the funds had been deposited directly in the account instead of reaching the acount via the circuitous route through the pledge of the savings account and the loan. In response to plaintiff's argument that the $30,000 deposited in the payee's account with the offsetting liability of $30,000 note owed to First National is not the equivalent of an outright $25,000 deposit made directly to the account without any offsetting liability, defendants stress that, ultimately, the loan was satisfied out of the

proceeds of the savings account and the liability to the bank erased.

The critical element upon which the defense depends, i.e., that the funds actually benefited the intended payee, is wanting. The proceeds of the two checks never reached the account of Captain Blake's, Inc.; instead, they were deposited in the account belonging to the Ferrys, and the $25,000 intended for the corporation became their exclusive property, was pledged by them as collateral and was, ultimately, taken by the bank.

Contrary to the contentions of Marine and First National, the crediting of the Captain Blake's, Inc. account with the proceeds of the $30,000 loan from First National was not the practical equivalent of a direct deposit of the two checks to the account of the payee; instead of receiving $25,000 outright, the payee received a credit of $30,000 with an offsetting $30,000 liability. While it is true that the liability was secured to the extent of the $29,400 deposited in the Ferrys' savings account, it was, nevertheless, an obligation represented by a demand note which the bank could at any time enforce. Nor can it be said that the bank's election to satisfy the loan out of the collateral gave Captain Blake's, Inc. the full and unqualified benefit of the proceeds. Aside from the fact that $600 of principal and $180.82 of interest due on the loan remained unpaid from the collateral, we need only point out that by the time the bank elected to reimburse itself from the proceeds of plaintiff's two checks in the Ferrys' savings account, the checking account had been depleted through the neglect of First National in honoring checks drawn against it for which it had never obtained proper authorizations. Because the funds did not reach the payee, the plaintiff was not unjustly enriched and the defense will not lie (see *Gotham-Vladimir Adv. v First Nat. City Bank,* 27 AD2d 190, 193, *supra).*

Section 3-406 of the Uniform Commercial Code, "Negligence Contributing to Alteration or Unauthorized Signature", is inapplicable and affords no defense because plaintiff's claim against Marine is for charging his account with checks lacking the indorsement of the payee (Uniform Commercial Code, § 4-401) and is not based on an altered check or an unauthorized signature (see *Federal Ins. Co. v Groveland State Bank,* 44 AD2d 182, 189-190, mod on other grounds 37 NY2d 252). Even if section 3-406 were applicable, no conduct of plaintiff could be said to have proximately caused or contributed to the loss by fostering in some way the actions of Marine and First

National in accepting the checks without the indorsement of Captain Blake's, Inc. (Uniform Commercial Code, § 3-406; see *Tonelli v Chase Manhattan Bank, N. A.,* 41 NY2d 667, 671-672, *supra; Gutfreund v East Riv. Nat. Bank,* 251 NY 58, 63-65; *Jewett v Manufacturers Hanover Trust Co.,* 48 Misc 2d 1094, 1096-1097).

Similarly, no triable issue is presented pertaining to Ferry's authority as a joint venturer to act on behalf of plaintiff or to sign on behalf of Captain Blake's, Inc. or pertaining to plaintiff's ratification of Ferry's signature under section 3-404 of the Uniform Commercial Code. The basis of defendant's liability is the charging of unindorsed checks to plaintiff's account. Ferry never affixed the indorsement of the payee or purported to do so and the extent of her unexercised authority to do so is irrelevant. No authorization allegedly given Ferry can be said to have impliedly empowered or induced First National or Marine to approve the checks without requiring the indorsement of the payee.

Finally, the fact that the cashier's checks were made payable to Captain Blake's, Inc., an entity which had no corporate existence, does not make Suzanne Ferry's signature effective as an indorsement under section 3-405 of the Uniform Commercial Code. The purported indorsement was not "in the name of [the] named payee", Captain Blake's, Inc., and the section is, therefore, not applicable (see *Seattle-First Nat. Bank v Pacific Nat. Bank of Wash.,* 22 Wn App 2d 46, 54).

From the affidavits presented, it does not clearly appear whether plaintiff has recovered part of his loss from Suzanne Ferry or whether any funds remain in the checking account. Accordingly, summary judgment should be granted to plaintiff against defendant Marine and an immediate trial held pursuant to CPLR 3212 (subd [c]) of all issues relating to the extent of damages.

The order should be modified and otherwise affirmed and the matter remitted in accordance herewith.

Simons, J. P., Schnepp, Doerr and Witmer, JJ., concur.

Order unanimously modified to grant plaintiff's motion for summary judgment against Marine Midland Bank and order otherwise affirmed, with costs to plaintiff and matter remitted for immediate trial of all issues pertaining to damages pursuant to CPLR 3212 (subd [c]).