■ SAWHILL TUBULAR DIVISION CYCLOPS CORPORATION, Appellant, v LINCOLN FIRST BANK, N. A., NBW DIVISION, Respondent. — In an action to recover proceeds of a $25,500 check, plaintiff appeals from an order of the Supreme Court, Westchester County (Cerrato, J.), dated April 25, 1983, which denied its motion for summary judgment pursuant to CPLR 3212. Order modified, on the law, by (1) deleting the provision denying plaintiff's motion for summary judgment in its entirety and substituting therefor a provision granting plaintiff partial summary judgment in the sum of $19,529 and otherwise denying said motion and (2) adding a provision thereto directing that plaintiff join the Estate of Funk as a necessary party to this action. As so modified, order affirmed, with costs to plaintiff. Plaintiff seeks to recover the proceeds of a $25,500 check which was made payable to "Sawhill Tubular Division Cyclops Corporation and Jerome H. Funk, as attorney". The check represented payment of plaintiff's claim for sums due and owing against a third party. Funk, as plaintiff's attorney, was entitled to a certain percentage of the check's proceeds for legal services rendered. Upon receipt of the check, Funk deposited it in his trust account with the defendant bank. The deposited check bore only the indorsement of Jerome H. Funk and not that of the plaintiff corporation. Funk died before remitting any of the check's proceeds to plaintiff. There is presently the sum of $19,084.87 in Funk's trust account. While defendant acknowledges its liability pursuant to subdivision (b) of section 3-116 of the Uniform Commercial Code for acceptance of the check without the indorsement of both payees, it contends that summary judgment was properly denied on the ground that the Estate of Funk was a necessary party to the action. As we view the facts adduced on the motion for summary judgment, legal fees due and owing the Estate of Funk are between $3,471 and $5,971 but not less than $3,471 depending upon whether or not plaintiff paid Funk the $2,500 noncontingent suit fee pursuant to their fee arrangement. Accordingly, plaintiff is entitled to at least $19,529 of the proceeds of the check and partial summary judgment should have been granted in that amount (CPLR 3212, subd [e], par 1; *Rosenbaum Plus Two Print. v Allstate Ins. Co.*, 59 AD2d 939; *Certish Constr. Corp. v Madison Heat Corp.*, 56 AD2d 642). With respect to the disposition of the remaining proceeds, we agree with Special Term's determination that the Estate of Funk must be joined as a necessary party to this action so that the rights and liabilities of the respective parties may be accurately decided (CPLR 1001, subd [a]). We, therefore, modify Special Term's order to add a provision directing that plaintiff join the Estate of Funk as a necessary party herein. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.