MURRAY WALTER, INC., Respondent, v MARINE MIDLAND BANK, Appellant.

Third Department, October 11, 1984

APPEARANCES OF COUNSEL

*Coughlin & Gerhart* (*Robert J. Smith* and *Mark S. Gorgos* of counsel), for appellant.

*James N. Cahill* (*Thomas F. Cannavino* of counsel), for respondent.

### OPINION OF THE COURT

WEISS, J.

The question posed in this appeal is whether a drawee bank is liable to its customer when it makes payment upon a check lacking indorsement of one of the payees. Plaintiff was a general contractor on construction of a wastewater treatment plant in New Hampshire on which H. Johnson Electric, Inc., was the electrical subcontractor and General Electric Supply (G.E. Supply) the supplier of electrical materials required. On May 1, 1980, plaintiff issued its check number 2218 payable to "Johnson Electric and G.E. Supply" in the sum of $54,900, drawn upon defendant Marine Midland Bank. Johnson Electric negotiated the

check without the indorsement of G.E. Supply. The check was ultimately paid by defendant and debited against plaintiff's account on or about May 12, 1980.

Thereafter, not having received any of the proceeds from check number 2218, G.E. Supply demanded payment from plaintiff. On October 30, 1980, plaintiff issued a second check in the amount of $154,784.97 (part of which represented the $54,900 now in issue) to G.E. Supply. By letter from plaintiff's attorney dated April 28, 1981, defendant was notified of plaintiff's claim for reimbursement of the proceeds of check number 2218. Defendant subsequently secured the missing indorsement on check number 2218 by G.E. Supply. When defendant refused to reimburse the $54,900 to plaintiff, this action was commenced. Special Term granted summary judgment to plaintiff, denying defendant's cross motion to dismiss the complaint. For the reasons stated, we affirm.

Section 3-116 (subd [b]) of the Uniform Commercial Code provides that an instrument payable to the order of copayees may be negotiated, discharged and enforced only by all payees. Payment upon a check lacking proper indorsement by a payee has been held to be a breach of a bank's duty to its customer (*Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 669-670; *Kosic v Marine Midland Bank,* 76 AD2d 89, 91, affd 55 NY2d 621). Since it is undisputed that check number 2218 was made payable to both Johnson Electric *and* G.E. Supply, defendant's payment without the indorsement by G.E. Supply was patently improper and a departure from reasonable commercial standards (Uniform Commercial Code, § 4-401; *Middle States Leasing Corp. v Manufacturers Hanover Trust Co.,* 62 AD2d 273, 275). In its brief, defendant concedes as much, but argues that plaintiff should be estopped from proceeding against the drawee bank for failing to promptly bring the irregularity to its attention. We disagree. Defendant's attempt to invoke the provisions of section 4-406 of the Uniform Commercial Code as a defense is unavailing since that section pertains to a customer's obligation to detect a forgery of his own signature, or other alteration, and does not extend to an instance of a missing indorsement (see *Ford Motor Credit Co. v United Servs. Auto. Assn.,* 11 UCC Rep Serv

361 [NY City Civ Ct]; see, also, *Kosic v Marine Midland Bank,* 76 AD2d 89, 93, *supra;* cf. *Trust Co. Bank v Atlanta IBM Employees Fed. Credit Union,* 245 Ga 262).

The cases from other States relied upon by defendant to invoke section 4-406 are distinguishable, since each case involved payment on checks lacking the required signature as opposed to a required indorsement.[*] Nor are we persuaded by defendant's argument that the Court of Appeals has held section 4-406 applicable to missing indorsement cases (*Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 670, *supra*). Rather, the court in *Tonelli v Chase Manhattan Bank* (*supra*) held that equitable defenses available to a drawee bank as against its customers for payment on a forged instrument should also be available in missing indorsement cases (*supra,* at p 670; *Shipman v Bank of State of N. Y.,* 126 NY 318). Moreover, even if section 4-406 were deemed applicable, it is obvious that defendant acted without ordinary care in honoring plaintiff's check with a missing indorsement (Uniform Commercial Code, § 4-406, subd [3]; see *Middle States Leasing Corp. v Manufacturers Hanover Trust Co.,* 62 AD2d 273, 275, *supra;* see, also, *Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank,* 57 NY2d 439, 446-447).

Defendant alternatively argues that plaintiff, as drawer, is precluded from recovering on check number 2218 since the proceeds of that check actually reached the person intended to receive them (see *Tonelli v Chase Manhattan Bank, supra,* pp 670-671). The argument is premised on "the concept of unjust enrichment * * * that the drawer should not be permitted to recover from the drawee bank where he has suffered no loss from the improper payment of a check [citation omitted]" (*supra,* at p 671). Specifically, defendant contends that the subsequent procurement of G.E. Supply's indorsement indicates that the latter either received the proceeds of the check, transferred any interest it may have had to Johnson Electric, or that it was not entitled to be paid since it had not supplied any materials. To avail itself of this defense, it was necessary for defendant to aver and demonstrate in evidentiary form that all

---

[*] See *Pine Bluff Nat. Bank v Kesterson,* 257 Ark 813; *King-of-All Mfg. v Genesee Merchants Bank & Trust Co.,* 69 Mich App 490; *Rascar, Inc. v Bank of Oregon,* 87 Wis 2d 446.

payees did in fact receive the proceeds of the check (*Middle States Leasing Corp. v Manufacturers Hanover Trust Co., supra,* pp 276, 279). A review of the record confirms that defendant failed to meet this burden. Indeed, defendant failed to present any evidentiary support for its speculative contention that all payees had been satisfied. Defendant's self-serving act of securing G.E. Supply's indorsement after plaintiff's claim was asserted is without significance since the proof demonstrates that plaintiff had already paid G.E. Supply with another check. In contrast, plaintiff submitted ample proof to demonstrate that it owed G.E. Supply for materials provided, that defendant processed check number 2218 without the necessary indorsements, and that plaintiff was required to pay the sum due G.E. Supply with another check. These circumstances prevailing, summary judgment to plaintiff was proper.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order and judgment affirmed, with costs.