■ AUGUSTIN MALDONADO et al., Plaintiffs, v AETNA CASUALTY AND SURETY COMPANY, Defendant and Third-Party Plaintiff-Respondent. NEW YORK GUARDIAN MORTGAGEE CORP.

et al., Third-Party Defendants; MANUFACTURERS HANOVER TRUST COMPANY, Third-Party Defendant-Appellant.—In an action to recover the proceeds of an insurance policy, the third-party defendant Manufacturers Hanover Trust Company appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated July 3, 1990, which denied its motion to dismiss the third-party complaint insofar as it is asserted against it for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed insofar as it is asserted against the appellant.

The plaintiffs commenced this action against Aetna Casualty and Surety Company (hereinafter Aetna) after they failed to receive the proceeds of two checks that had been issued by Aetna to compensate them for a loss sustained after a fire at their premises. Aetna had acknowledged the loss, and had issued one check naming as payees the plaintiffs, along with New York Guardian Mortgagee Corp. (hereinafter Guardian), Cosmopolitan Adjustment Bureau (hereinafter Cosmopolitan), and Marin Construction Corp. (hereinafter Marin). It also issued a second check, which named as payees the plaintiffs, Guardian, and Cosmopolitan. The plaintiffs indorsed both checks and gave them to an agent of Cosmopolitan for delivery to Guardian. However, the agent cashed the checks at the appellant bank without obtaining the indorsements of Guardian or Marin, and evidently absconded with the funds.

The plaintiffs thereafter commenced the instant action to recover on their insurance claim, and Aetna then commenced a third-party action against, *inter alia,* the appellant, seeking indemnification from it for any judgment recovered by the plaintiffs from Aetna, since the appellant had improperly cashed the checks without the necessary indorsements. The appellant moved to dismiss the third-party complaint insofar as it is asserted against it on the ground that it failed to state a cause of action. The Supreme Court denied the motion.

UCC 3-116 (b) provides that an instrument payable to the order of copayees may be negotiated, discharged, and enforced only by all the payees *(see,* UCC 3-116 [b]; *Murray Walter, Inc. v Marine Midland Bank,* 103 AD2d 466). While a drawee bank will be liable to the drawer of a check, its customer, for charging its account with the amount of a check lacking the necessary indorsements *(Tonelli v Chase Manhattan Bank,* 41 NY2d 667), the general rule with respect to the liability of depository banks is that a drawer of checks does not have a

direct cause of action against a depository bank for collecting an improperly indorsed check *(Horovitz v Roadworks of Great Neck,* 76 NY2d 975; *Spielman v Manufacturers Hanover Trust Co.,* 60 NY2d 221, 224). Under the circumstances of this case, the third-party plaintiff, as drawer, has no cause of action against the appellant depository bank; instead, its claim is against the drawee bank, which improperly charged its account.

The respondent's remaining contention is without merit. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.