KRYTEN IRON WORKS, INC., Respondent, v ULTRA-TECH FABRICATORS, INC., Defendant, and KOREA EXCHANGE BANK, Appellant. [643 NYS2d 648]

The plaintiff Kryten Iron Works, Inc. (hereinafter Kryten) was the sub-subcontractor to Ultra-Tech Fabricators, Inc. (hereinafter Ultra-Tech), on two construction projects in the City of New York. The general contractor, Bethel Construction Corporation, issued two checks on November 18, 1991, each in the sum of $20,000, bearing the notation "Pay to the order of Ultra-Tech & Kryten Iron Works, Inc." On the same day the checks were issued, Ultra-Tech, by its president, indorsed each of the checks and, without securing Kryten's indorsement, deposited them in its account with Meridian Bank. The defendant Korea Exchange Bank (hereinafter KEB) received the checks through normal banking channels and paid them.

Where an instrument is payable jointly, the indorsement of all payees is necessary for negotiation (see, UCC 3-116 [b]; Maldonado v Aetna Cas. & Sur. Co., 184 AD2d 553, 554; Sawhill Tubular Div. Cyclops Corp. v Lincoln First Bank, 97 AD2d 540; Middle States Leasing Corp. v Manufacturers Hanover Trust Co., 62 AD2d 273). In this case, KEB maintains that the designations of the payees on the checks in question were not sufficiently clear or accurate and that it acted in good faith in accepting the checks for payment. However, the alleged vagueness in one or both payee designations did not excuse or justify the negotiation of the instrument upon the indorsement of

only one of the named payees, thereby depriving the other of its interest in the instrument (*see, Sanders Constr. Co. v Bankers Trust Co.,* 123 AD2d 251, 252). Assuming, arguendo, that the checks were facially ambiguous, KEB was required to treat them as payable jointly (*see,* 4 Hawkland & Lawrence, Uniform Commercial Code Series § 3-116:02, at 204). Thus, the checks should not have been paid on the indorsement of Ultra-Tech alone (*see,* UCC 3-116 [b]), and the Supreme Court properly granted Kryten's motion for summary judgment on the issue of liability.

Nevertheless, material issues of fact exist with respect to the issue of damages. Recovery for an improperly paid instrument may be defeated by proof that the rightful owner or owners have suffered no damage (*see, Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 670; *Hillsey v State Bank,* 24 AD2d 28, 31). Here, KEB relied on evidentiary proof in the form of an affidavit from Ultra-Tech's president which asserted, *inter alia,* that Kryten had been paid its share of the proceeds of the checks. This affidavit was sufficient to raise a question of fact as to the issue of damages and, accordingly, summary judgment should not have been granted with respect thereto (*see,* CPLR 3212 [b]). We remit the matter to the Supreme Court, Queens County, for an immediate trial on that issue (*see,* CPLR 3212 [c]).

We have considered KEB's remaining contention and find it to be without merit. Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.