■ SADIAT BELLO, Respondent, v EMPLOYEES MOTOR CORP., Defendant, PUBLIC SERVICE MUTUAL INSURANCE, Respondent, and ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant. [659 NYS2d 64] —In an action, *inter alia,* for a judgment declaring that the defendant Public Service Mutual Insurance is obligated to defend and indemnify the defendant Employees Motor Corp. and its employee Raphael Torres with respect to a personal injury action brought against them by the plaintiff Sadiat Bello, the defendant St. Paul Fire & Marine Insurance Company appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 21, 1995, which declared that the defendant Public Service Marine Insurance is not obligated to defend and indemnify the defendant Employees Motor Corp. and Raphael Torres in the underlying action.

Ordered that the order is reversed, on the law, with costs, and the complaint is dismissed without prejudice to the commencement of a new action joining Raphael Torres as a party defendant.

Where an injured party brings a declaratory judgment action to determine whether an insurance carrier is obligated to defend or indemnify its insureds, both the insurer and the insureds are necessary parties to the action (*see, White v Nationwide Mut. Ins. Co.,* 228 AD2d 940; *Newsom v Republic Fin. Servs.,* 130 Misc 2d 780, 781-782; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:10, at 439). The plaintiff failed to name Raphael Torres, an insured under the disputed policy and the active tortfeasor. This was error because Torres's rights "might be inequitably affected by a judgment in [this] action" (CPLR 1001 [a]). Accordingly, the complaint is dismissed without prejudice to the commencement of a new action joining Raphael Torres as a party defendant. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.