■ ANN STEVENS et al., Respondents, v THERESA EATON, Appellant. [700 NYS2d 482] —In an action, *inter alia,* to recover damages for fraud, the defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court Westchester County (Fredman, J.), entered December 22, 1998, which, *inter alia,* denied those branches of her motion which were to dismiss the complaint on the grounds that it is barred by the Statute of Limitations and the plaintiffs failed to join necessary parties to the action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the complaint based on the plaintiffs' failure to join the estate of Liberia Iannantuono as a necessary party to the action, and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiffs to join the estate of Liberia Iannantuono; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The plaintiffs and the defendant are three of the six daughters of Liberia Iannantuono, who died in 1990. The plaintiffs commenced this action in 1997 alleging, *inter alia,* that the defendant had defrauded them from receiving various assets of the estate of their mother (hereinafter the decedent), including proceeds from the sale of the decedent's former home in 1996. After issue was joined, the defendant moved, *inter alia,* to dismiss the complaint. The defendant argued, among other things, that the action was untimely under the Statute of Limitations for fraud, and that the plaintiffs had failed to join necessary parties, i.e., the estate of the decedent, the three other sisters, and the individual who purchased the decedent's home in 1996. In the order appealed from, the Supreme Court held in abeyance that branch of the motion which was to dismiss the complaint for failure to join the three remaining sisters and otherwise denied the motion. We now modify.

The defendant failed to establish that this action was com-

menced more than six years after the alleged fraud and more than two years after the plaintiffs knew or should have known of the alleged fraud (*see,* CPLR 213 [8]; *Shannon v Gordon,* 249 AD2d 291). Further, the defendant failed to establish that, other than the decedent's estate, a necessary party whose absence could not be excused was not and could not be joined (*see,* CPLR 1001). Indeed, because no party is seeking to set aside the 1996 conveyance of the decedent's home, the 1996 purchaser of that property is not a necessary party at this juncture (*see,* CPLR 1001 [a]). Thus, the Supreme Court properly denied the defendant's motion to dismiss the complaint on that ground. As previously noted, the Supreme Court held in abeyance that branch of the plaintiffs' motion which was to dismiss the complaint for failure to join the remaining three daughters of the decedent. Accordingly, that issue is not presently before us.

However, the decedent's estate is a necessary party to the action and should be joined. A fair reading of the complaint, at least as to certain causes of action, is that the plaintiffs are seeking to recover assets due them as heirs of the decedent. Indeed, although the parties focus on certain real property, it is alleged that the decedent had other assets at her death, e.g., stocks and bonds. Thus, it must be ascertained which, if any, assets were or should have been included in the estate. Further, whether the decedent's estate has creditors or other obligations, e.g., unpaid taxes, is unknown. It is also unclear whether the decedent executed a will and, if so, whether it was offered for probate. Moreover, it appears likely that the Supreme Court will direct that the parties' three sisters be joined as necessary parties. Thus, the estate should be joined in order to afford complete relief to the parties and to avoid any inequitable effect of a subsequent judgment against the estate (*see,* CPLR 1001 [a]; *Sawhill Tubular Div. Cyclops Corp. v Lincoln First Bank,* 97 AD2d 540).

On the record before us, it is unclear whether there have been prior proceedings or actions concerning the estate, or whether steps must be taken to secure a proper representative for the estate (*see, e.g.,* SCPA art 10). Accordingly, the matter is remitted to the Supreme Court, Westchester County, so that the decedent's estate may be joined as a party to the action. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.