■ CLARENCE CRUMMELL, Appellant, v AVIS RENT A CAR SYSTEM, INC., Respondent. [879 NYS2d 539]—

In an action for a judgment declaring, in effect, that the defendant is obligated to provide the plaintiff with certain "additional liability insurance" coverage pursuant to the parties' automobile rental agreement, dated June 10, 2006, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated June 2, 2008, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action, pursuant to CPLR 3211 (a) (7), and for failure to join a necessary party, pursuant to CPLR 3211 (a) (10).

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint for failure to state a cause of action, pursuant to CPLR 3211 (a) (7), is denied, and that branch of the defendant's motion which was to dismiss the complaint for failure to join a

necessary party, pursuant to CPLR 3211 (a) (10), is denied on condition that the plaintiff shall join as a party defendant hereto Thomas Pinkerton, a defendant in an underlying action entitled *Crummell v Pinkerton,* pending in the Supreme Court, Queens County, under index No. 23289/06; and it is further,

Ordered that the time for the plaintiff to join Thomas Pinkerton as a party defendant to this action as shall be within 30 days of service upon him of a copy of this decision and order.

The Supreme Court erred in granting that branch of the defendant's motion which was to dismiss the complaint for failure to state a cause of action, pursuant to CPLR 3211 (a) (7), due to the plaintiff's failure to comply with Insurance Law § 3420 (a) (2). That provision governs the right of an injured party who is a stranger to an insurance contract to maintain a direct action against the tortfeasor's insurer (*see Lang v Hanover Ins. Co.,* 3 NY3d 350, 353-354 [2004]). It does not apply where, as here, a signatory to a contract seeks a declaration of his rights with respect to another contracting party (*see* CPLR 3001; *Lang v Hanover Ins. Co.,* 3 NY3d 350, 353 [2004]).

While the Supreme Court correctly concluded that Thomas Pinkerton is a necessary party to this action (*see* CPLR 1001 [a]; *cf. Bello v Employees Motor Corp.,* 240 AD2d 527 [1997]), under the circumstances presented, the plaintiff should have been given an opportunity to rectify his failure to join him (*see Stevens v Eaton,* 267 AD2d 450, 450-451 [1999]).

The Supreme Court should not have considered, and we do not consider, the defendant's remaining contention, because the defendant improperly raised it for the first time in its reply papers in the Supreme Court (*see Luft v Luft,* 52 AD3d 479, 480 [2008]; *Medugno v City of Glen Cove,* 279 AD2d 510, 511-512 [2001]). Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.