■ Smith Barney, Harris Upham & Co., Incorporated, Appellant, v Citibank (Delaware), Respondent and Third-Party Plaintiff-Respondent. Banco Popular De Puerto Rico et al., Third-Party Defendants-Respondents.—Order of the Supreme Court, New York County (Francis Pecora, J.), entered on or about August 1, 1989, which *inter alia,* denied plaintiff-appellant's motion for summary judgment, (i) awarding it judgment on its first cause of action; (ii) dismissing defendant-respondent Citibank's affirmative defenses; and (iii) dismissing the cross claims of the third-party defendants, unanimously reversed, to the extent appealed from, on the law, and the plaintiff's motion granted, in its entirety, with costs.

Under the circumstances of this case, plaintiff-appellant Smith Barney, as drawer, has a clear contractual and statutory right to payment from defendant-respondent Citibank, as drawee bank. The affirmative defenses pleaded by Citibank and the cross claims of the third-party defendant depositary banks are legally insufficient to defeat Smith Barney's contractual and statutory rights. Accordingly, appellant's motion for summary judgment should have been granted. *(See, Tonelli v Chase Manhattan Bank,* 41 NY2d 667; *Kosic v Marine Midland Bank,* 76 AD2d 89, *affd* 55 NY2d 621.) Inasmuch as only Smith Barney appealed from the order, we do not specifically determine the rights of Citibank and the other parties.

As a result of a scheme perpetrated by its dishonest former employee and two confederates, Smith Barney issued checks to pay forged invoices presented to its accounts payable department. These checks, drawn on Smith Barney's business account with Citibank, were made out to bona fide corporate entities, but were deposited, without any endorsement by the named payees, into accounts of third parties. The checks were then submitted to Citibank by the depositary banks and paid by Citibank. For example, a check in the amount of $35,801.40 was made payable to Telaid Industries, Inc. and endorsed for deposit by A.C.D. Communications Systems, Inc. It was then deposited, without any endorsement from Telaid, the named payee, into A.C.D.'s account with third-party defendant Manufacturers Hanover Trust Co., and ultimately paid by Citibank.

After one year of eluding detection, the scheme was discovered and the three conspirators were arrested, but not before they had caused Smith Barney to issue 43 checks totaling $874,845. The amount of the claim has been reduced to $612,391 as a result of stop-orders, recoveries and credits.

The motion court denied Smith Barney's motion for summary judgment on the ground that factual issues exist as to Smith Barney's alleged negligence in placing its dishonest employee in a position to cause the theft, and whether under its method of doing business with Citibank, Smith Barney approved the checks. Including these two claims, Citibank's answer contains 13 affirmative defenses, none of which defeats appellant's rights against Citibank.

When Citibank paid on the checks to the depository banks, without verifying that the named payee had endorsed the checks, it did so at its peril. While Citibank can look to the depository banks as guarantors of the missing endorsement (UCC 4-207), its liability to its customer is still primary.

We disagree with the motion court's holding that a factual issue exists as to whether appellant approved the payment of the improperly endorsed checks. While it is true that a depositor is under a duty to examine statements and canceled checks to discover irregularities in the account and notify the bank (*Arrow Bldrs. Supply Corp. v Royal Natl. Bank,* 21 NY2d 428), where a payee's endorsement is entirely missing rather than forged, a bank that pays such an instrument cannot avoid liability on the basis of the drawer's subsequent failure to discover the irregularity. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.