■ SCOTT ROHRBACHER, Also Known as W. SCOTT ROHRBACHER, Respondent-Appellant, v BANCOHIO NATIONAL BANK et al., Appellants-Respondents, et al., Third-Party Plaintiff, et al., Third-Party Defendants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered June 12, 1990, which, *inter alia,* denied defendants' motion and plaintiff's cross-motion seeking summary judgment, unanimously modified, on the law, to the extent of granting defendants' motion for summary judgment, and otherwise affirmed, without costs. The clerk is directed to enter judgment in favor of defendants dismissing plaintiff's complaint as against them.

This appeal involves an action for conversion, negligence and breach of UCC warranties, and a third-party action for indemnification based upon breach of UCC warranties. Plain-

tiff W. Scott Rohrbacher retained third-party defendant Burton H. Besen to prosecute a case for personal injuries. The present action was commenced by Rohrbacher against BancOhio National Bank and the Federal Reserve Bank of New York to recover the proceeds of a settlement check drawn on the BancOhio account of Nationwide Insurance Companies to the order of Rohrbacher and Besen.

It is Rohrbacher's contention that Besen forged his endorsement on the draft and subsequently misappropriated the draft's proceeds. The subject check was endorsed with both Besen's and Rohrbacher's names, transferred to Extebank, the depository bank of defendant Besen and Jeanette Besen, the latter an employee and customer of Extebank. Thereafter, the check was transferred by Extebank to the Federal Reserve which, in turn, presented it to BancOhio, the payor bank. Rohrbacher neither knew of nor received proceeds from this draft.

Of moment in the case at bar is a provision of the retainer agreement between Rohrbacher and Besen which provides, in pertinent part, "We hereby further authorize you [Besen] to endorse my name * * * on any check or draft obtained herein, if said check or draft is deposited to your [Besen's] escrow-trust account pending distribution of the proceeds pursuant to the terms of this retainer".

The central issue for our consideration is whether under the UCC and New York case law the bank defendants had valid title to the check because the retainer authorized Besen to endorse the check with Rohrbacher's signature. As the bank defendants note, if Besen's authority to endorse the check was properly exercised, then Rohrbacher's complaint against them should have been dismissed, because they would have received valid title to the check from Extebank. Supreme Court, in denying both defendants' motion for summary judgment and plaintiff's cross-motion for summary judgment, held that "[w]hether Besen's intent to, or act of cashing the check and embezzling the proceeds vitiated the authority of Besen to endorse Rohrbacher's name to the check is an issue of fact for trial." The court did not, however, address the question of the legal effect of Besen's authority to endorse Rohrbacher's name to the subject insurance company check, under circumstances enumerated in the retainer agreement, insofar as third party transferees are concerned.

Intent is not in issue and in no way bars the granting of summary judgment given that there is no factual dispute vis-

a-vis the intent of either Rohrbacher or Besen. Clearly, assuming the factual allegations of Rohrbacher to be true, Besen had no intention of abiding by fiduciary duties to his client, while only the most distorted reading of the retainer agreement would permit a determination that Rohrbacher intended to give his attorney license to misappropriate or embezzle checks and funds due to him.

As to whether Besen's signing of Rohrbacher's name was an authorized signature, pursuant to the power of attorney executed by Rohrbacher in the retainer agreement, and the conversion by Besen only subsequent thereto, thus precluding a claim against the banks, we answer this question in the affirmative, although there remains the possibility of a claim for conversion as against Besen. The case herein presents a factual scenario much like that in *McCabe Hanger Mfg. Co. v Chelsea Exch. Bank* (183 App Div 441, 442 [1st Dept 1918]), where this Court held that a bookkeeper had the authority to endorse the check in the manner in which he did, and that "[h]is unauthorized diversion of the check did not make his original indorsement a forgery, nor render a subsequent holder liable who took it without notice of the diversion." *(Cf., Standard Steam Speciality Co. v Corn Exch. Bank,* 220 NY 478, 481-482 [1917].)* Similarly, in the case at bar Besen was authorized to make a general endorsement despite the condition that it subsequently be deposited into an escrow account. Because the conversion by Besen of the proceeds cannot be held to retroactively render an otherwise valid endorsement a forgery, defendants are entitled to summary judgment. Concur —Murphy, P. J., Carro, Wallach, Kupferman and Asch, JJ.