■ DAVID MORROW, Respondent, v APPLE BANK FOR SAVINGS et al., Appellants, et al., Defendant. [599 NYS2d 31] —Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on March 6, 1992, which denied the motion by defendant Chemical Bank for summary judgment dismissal of the cross-claims against it by defendant Apple Bank for Savings and denied the motion by Apple Bank for

summary judgment dismissing the complaint as against it, is unanimously affirmed, without costs or disbursements.

Plaintiff David Morrow maintained a joint checking account with his wife at the Apple Bank for Savings. During the period between February and May of 1989, he attempted to invest sums of money through Bruce C. Black, purportedly an investment broker at the firm of D. L. Cabot & Co., Inc., but who, in fact, was a con artist engaged in a "Ponzi"-like scheme involving a massive fraud perpetrated against scores of would-be investors. It is plaintiff's contention that Black's crooked enterprise was dependent upon the effective cooperation of defendants, Apple Bank for Savings, Chemical Bank and Chase Manhattan, which, in their eagerness to cultivate a depositor, Black, dealing in very large accounts, were willing to ignore ordinary banking rules and precautions. Specifically, the banks supposedly permitted Black to negotiate checks worth millions of dollars upon forged, unauthorized or otherwise improper endorsements.

The first four causes of action in the complaint relate to check No. 679, which was in the amount of $100,000 and drawn on plaintiff's account at Apple on or about February 2, 1989. The check was payable to the order of DTC (Depository Trust Company). According to plaintiff, the name of DTC, the payee, was forged, followed by a scribble and the notation TTEE, and was then unlawfully paid by Chase Manhattan to the account of Black, a person not entitled to receive the proceeds thereof. The next four causes of action concern check No. 756, drawn on plaintiff's account at Apple on or about March 23, 1989 and payable to the order of DTC. This check was also in the amount of $100,000 and was endorsed in the name of D. L. Cabot & Co., underneath which DTC, the payee, was forged. Apple Bank, it is alleged, unlawfully made payment to the Apple Bank account of D. L. Cabot & Co., Inc. The ninth, tenth, eleventh, twelfth and thirteenth causes of action all involve check No. 823. At Black's direction, plaintiff made the check, which was for $200,000 and issued on or about May 18, 1989, payable to the order of D. L. Cabot & Co. Trust Acct. It was endorsed without authority in the name of the payee, as well as D. L. Cabot & Co., and improperly paid by Chemical Bank to the ordinary corporate account maintained by D. L. Cabot at that bank. The final six causes of action pertain to three official Apple Bank checks purchased by plaintiff on May 26, 1989. The checks totalled $250,000 and were payable to DTC, but they were never delivered to the Depository Trust Company. Instead, the checks were endorsed

D.L.C., followed by D. L. Cabot & Co. and deposited in the account of D. L. Cabot & Co., Inc. at Chemical Bank.

It should be noted that only Apple Bank has moved to dismiss the complaint, notwithstanding that claims are also asserted against Chemical Bank and Chase Manhattan Bank. In its answer, Apple interposes six cross-claims, two against Chase Manhattan and four against Chemical Bank, and Chemical seeks dismissal of the cross-claims that apply to it. In that regard, both banks urge that the endorsements on the subject checks were effective under either UCC 3-117 or 3-405, depending upon the particular check in question. Pursuant to section 3-117 of the Uniform Commercial Code:

"An instrument made payable to a named person with the addition of words describing him

"(a) as agent or officer of a specified person is payable to his principal but the agent or officer may act as if he were the holder;

"(b) as any other fiduciary for a specified person or purpose is payable to the payee and may be negotiated, discharged or enforced by him;

"(c) in any other manner is payable to the payee unconditionally and the additional words are without effect on subsequent parties."

UCC 3-405 provides that:

"(1) An indorsement by any person in the name of a named payee is effective if

"(a) an impostor by use of the mails or otherwise has induced the maker or drawer to issue the instrument to him or his confederate in the name of the payee; or

"(b) a person signing as or on behalf of a maker or drawer intends the payee to have no interest in the instrument; or

"(c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest.

"(2) Nothing in this section shall affect the criminal or civil liability of the person so indorsing."

Apple Bank, in its motion to dismiss, claimed that the endorsement by DTC on check No. 679, while admittedly forged, is effective under UCC 3-405, and there is nothing improper about the notation TTEE. Therefore, the deposit of the check into Black's account at Chase was not illegal. On appeal, however, no arguments are offered in connection with the first four causes of action. Apple Bank does contend that

the endorsement on check No. 756 was effective pursuant to UCC 3-405 since Black, as plaintiff's agent, supplied the latter with the name of DTC, the payee, intending DTC to have no interest in the check. Thus, the endorsement of DTC, although unauthorized, is effective, and there is, moreover, no impropriety involved in the endorsement of D. L. Cabot & Co. and deposit of the check into a D. L. Cabot account at Apple. As for check No. 823, Apple states that plaintiff, at Black's direction, made it payable to D. L. Cabot & Co. Trust Acct, and there is no requirement that a check made out to an entity's trust account be actually deposited into such an account, citing UCC 3-117 (b). Consequently, Apple argues, it was perfectly appropriate for the check to be deposited into a general account of D. L. Cabot rather than into a trust account. Finally, Apple maintains that the endorsements on the three official checks, while unauthorized, are effective under UCC 3-405 because Black, as plaintiff's agent, supplied him with the name of DTC despite intending that DTC have no interest in these checks.

The Supreme Court was correct in denying Apple Bank's motion for summary judgment dismissal. The bank has not established as a matter of law that Black was "an agent or employee" of plaintiff within the meaning of UCC 3-405 (1) (c). Considering Black was, in reality, a con artist engaged in a scam against unwary investors, there is certainly a question of fact as to whether he ever actually functioned as an agent or employee. Black appears to have defrauded plaintiff at the inception of their relationship. Notwithstanding Apple's argument that Black's fraud in the inducement did not vitiate his agency status insofar as third parties are involved, there is simply no authority for such a proposition (see, *Martin Pincus Mktg. v Sawyer of Napa,* 774 F Supp 171, wherein the District Court, construing New York law, declared null and void a written agency agreement due to the purported agent's fraud in the inducement). Certainly, the case relied upon by Apple, *Rohrbacher v BancOhio Natl. Bank* (171 AD2d 533), is distinguishable since a genuine agency relationship had been formed between the parties therein.

UCC 3-405 is, moreover, unavailable as a defense to the causes of action based on the official checks because the endorsements on those instruments were significantly different than the payee's name of DTC, and it cannot be found as a matter of law that, as Apple claims, a bank clerk could reasonably have decided that only a typographical error was involved (see, *Tonelli v Chase Manhattan Bank,* 41 NY2d 667;

*Smith Barney, Harris Upham & Co. v Citibank,* 162 AD2d 108, 109, wherein the Court stated that "[w]hen Citibank paid on the checks to the depository banks, without verifying that the named payee had endorsed the checks, it did so at its peril").

Contrary to Apple Bank's position, check No. 823 was not made payable to D. L. Cabot with the addition of words describing a fiduciary or agent for a specific person or purpose but was drawn to the order of a particular trust account. Consequently, UCC 3-117 is not applicable. Finally, in seeking dismissal of the cross-claims against it, Chemical Bank largely advances the same points as does Apple Bank. The recent decision *Gino's of Capri v Chemical Bank* (187 AD2d 71), which Chemical Bank urges as authority, is not germane herein. For the reasons explained, the Supreme Court appropriately denied the respective motions of Apple Bank and Chemical Bank. Concur—Milonas, J. P., Rosenberger, Ellerin and Kupferman, JJ.