■ SYBEDON CORPORATION et al., Appellants, v BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent. [638 NYS2d 50] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about April 12, 1995, which partially granted defendant's motion for summary judgment, unanimously affirmed, without costs.

Plaintiffs are precluded by UCC 3-405 (1) (c), the "padded payroll" rule, from recovering against defendant bank on the 16 checks drawn by and made payable to plaintiff Sybedon Corporation and forged by plaintiffs' defalcating employee with Sybedon's indorsement "for deposit only" to plaintiff ZBL Associates' account with defendant, with respect to which the employee had actual authority to withdraw funds and did so. There is no merit to plaintiffs' argument that the rule does not apply to a check made payable to the drawer itself, there being nothing in the UCC to indicate any kind of restriction on who the payee may be, and it being enough that " 'an employee starts the wheels of normal business procedure in motion to produce a check for a non-authorized transaction' " (*Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 271). Certainly, Sybedon was in a position to inquire into the purpose of checks presented to it by its employee for its signature and made payable to itself. In such a case, the loss resulting from the forged indorsement should be placed on the drawer-employer, who is in the best position to prevent wrongdoing by carefully selecting and supervising its employees, or through purchasing insurance (*supra*, at 270). Nor should plaintiffs be able to "sidestep" the rule with a common-law claim for conversion as payees of the checks, the essence of the controversy being one between a drawer and depositary bank, and plaintiffs' interest in the instrument as payees being tenuous at best (*see, supra*, at 271; 1 White and Summers, Uniform Commercial Code § 15-5, at 756 [3d ed]). We also agree with the IAS Court that plaintiffs cannot recover the money withdrawn from the account its employee opened in Sybedon's name, defendant having reasonably relied upon the employee's apparent authority created by falsified corporate resolutions showing him to be Sybedon's Secretary (*see, Geotel, Inc. v Wallace*, 162 AD2d 166, 168, *lv dismissed and denied* 76 NY2d 917). Plaintiffs' remaining contentions are without merit. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.