■ ANDRE ROMANELLI, INC., et al., Appellants, v CITIBANK, N.A., Formerly Known as EUROPEAN AMERICAN BANK, et al., Defendants, and J.P. MORGAN CHASE BANK, N.A., et al., Respondents. [875 NYS2d 14]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 16, 2008, which, to the extent appealed from as limited by the briefs, granted the motions of defendants J.P. Morgan Chase Bank, N.A. and Susan Goodman for summary judgment dismissing the amended complaint, unanimously affirmed, without costs.

Plaintiffs allege that defendant Stephen Schor, their accountant and financial advisor, suggested that they open accounts at defendant Chase in order to obtain a lower interest rate on a line of credit. Plaintiffs' principal signed a business account application, corporate resolution and signature card for Romanelli and gave it to the accountant. However, he failed to cross out the unused signature boxes on the card as directed by the instructions on the signature card. Plaintiffs allege that the accountant later told them he could not get a more favorable interest rate so they instructed him not to open the account.

Unbeknownst to the principal, the accountant signed on one of the blank lines of the signature card and opened an account for Romanelli at Chase. He also allegedly opened an account a year later in the name of Van Gils. The accountant also changed the mailing address on the forms to his office address.

Plaintiffs allege that sometime later the accountant suggested that they write checks payable to themselves which he would use to pay taxes in order to convince a lender that plaintiffs had sufficient assets to support an outstanding line of credit. Plaintiffs agreed and the accountant prepared a list of checks for each plaintiff to write payable to themselves. Plaintiffs wrote checks totaling approximately $4.5 million between 2000 and 2004 payable to themselves and gave them to the accountant. The accountant endorsed the checks, deposited them into the accounts at Chase and then withdrew the funds for his personal use. Plaintiffs allege he embezzled almost the entire amount. Plaintiffs allege that defendant Goodman, a Chase employee, received "gifts" from the accountant during this period to disregard these transactions.

The risk of loss from the unauthorized acts of a dishonest agent falls on the principal that selected the agent (*see Sybedon Corp. v Bank Leumi Trust Co. of N.Y.*, 224 AD2d 320 [1996]).

Plaintiffs' principal testified that he hired the accountant to act as a financial advisor for plaintiffs and gave him the checks to pay plaintiffs' taxes. The accountant, therefore, was plaintiffs' agent and was authorized to endorse the checks payable to plaintiffs and issue checks payable to the taxing authorities. The bank properly cashed the checks since the endorsement by the accountant was authorized by the principal (*see Rohrbacher v BancOhio Natl. Bank*, 171 AD2d 533, 535 [1991]).

Moreover, UCC 3-405 (1) provides a complete defense to plaintiffs' claims against the bank and its employee. It creates an exception to the general principle that a drawer is not liable on an unauthorized endorsement. Under this section, an endorsement by any person in the name of the payee is effective if the maker or drawer did not intend the payee to have an interest in the instrument or an agent or employee of the maker supplied the maker with the name of the payee intending the latter to have no interest in the instrument. In the specific factual circumstances described by this section, the endorsement is treated as effective even though it was technically unauthorized, and the loss is allocated to the drawer-employer (*see Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 270 [1989]).

Plaintiffs' principal signed checks payable to plaintiffs based on the accountant's list which detailed the amount of each check and the payee. It is undisputed that plaintiffs were not the intended beneficiaries of the checks since plaintiffs intended that Schor use the checks to pay taxes. Thus, pursuant to UCC 3-405 (1), the accountant's endorsement was effective and Chase and its employee are not liable for the accountant's alleged defalcations.

Plaintiffs' claims of conversion and fraud are fatally defective because they have failed to raise a triable issue of fact concerning knowledge by Chase and its employee of the accountant's alleged misconduct. Although plaintiffs characterize the gifts given to the bank employee as bribes, there was evidence that she was a friend of the accountant who was known to give overly generous gifts to acquaintances and the first gift was given two years after the first account was opened. Moreover, very few of the checks were presented by the accountant for payment at the branch where she worked. Plaintiffs also failed to provide any evidence of a quid pro quo for the gifts.

We have reviewed plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Moskowitz, Renwick and Freedman, JJ. [*See* 2008 NY Slip Op 31105(U).]