■ JAMES H. RUDGE, Appellant, v LAIDLAW-COGGESHALL, INC., et al., Respondents, et al., Defendants. — In an action, *inter alia,* to recover moneys had and received, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered May 14, 1982, as, upon a jury verdict in favor of defendants Laidlaw-Coggeshall, Inc., and Laidlaw Adams & Peck, Inc., dismissed the complaint as to them. Judgment reversed insofar as appealed from, on the law, and, as against defendants Laidlaw-Coggeshall, Inc., and Laidlaw Adams & Peck, Inc., complaint reinstated, action severed and new trial granted, with costs to abide the event. Plaintiff testified at trial that he delivered a check in the amount of $69,000, payable to defendant Laidlaw-Coggeshall, Inc. (Laidlaw), to the manager of its Smithtown, New York, office, defendant Hays Walker. Plaintiff claimed that the proceeds of the check were to be used by defendants, in their capacity as stockbrokers, for the outright purchase in plaintiff's name of 2,000 shares of a certain stock. Plaintiff alleged, however, that the stock had been purchased on margin and that one half of the proceeds of the check had been misappropriated by Walker and defendant George Phillipps. Defendant Phillipps testified that one half of the proceeds of the check was intended as a loan to Walker. Defendant Roscher testified to her understanding that plaintiff had extended a loan to Walker and Phillipps. The trial court charged the jury that to impose liability on Laidlaw, the jury had to find that the corporation exercised "some dominion" over the proceeds, that the proceeds came into the possession of either Laidlaw or one of its employees while acting within the scope of his employment, and that Walker acted "with respect to those proceeds within the scope of his employment." The court's charge was erroneous and misleading, and requires a reversal and new trial. If Walker was authorized to accept checks on Laidlaw's behalf, the corporation is liable if he misappropriated proceeds of the check intended for the corporation, regardless of whether the

corporation actually received the proceeds (see *Morrison v Chapman,* 155 App Div 509). If the corporation selected a dishonest person to represent itself, it, and not the plaintiff, should bear the risk of unauthorized acts, having placed the person in a position to perpetrate the wrong (see *Hutzler v Hertz Corp.,* 39 NY2d 209, 215; *Morrison v Chapman, supra*). Gulotta, J. P., O'Connor, Weinstein and Bracken, JJ., concur.