■ GEOTEL, INC., Appellant, v WILLIAM WALLACE et al., De-

fendants, EXTEBANK et al., Respondents, and LAVENTHOL AND HORWATH, Appellant.—Order of the Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about October 7, 1988, which granted defendant The Stuart-James Company summary judgment dismissing the fifth cause of action of plaintiff Geotel, Inc. and dismissing the cross claim of defendant Laventhol and Horwath, unanimously affirmed, without costs. Order of the same court, entered on or about January 2, 1990, which resettled an order, entered September 8, 1989, granting defendant Extebank summary judgment on plaintiff's fourth cause of action except as to a check for $12,625, to the extent of amending said order to deny a motion by defendant Laventhol and Horwath for partial summary judgment on plaintiff's sixth cause of action, unanimously reversed, on the law, insofar as appealed from by defendant Laventhol and Horwath, and summary judgment dismissing the sixth cause of action granted, without costs. The appeal from the order entered September 8, 1989 is dismissed as having been subsumed in the appeal from the resettled order entered on or about January 2, 1990, without costs.

This action arises out of losses of $834,504 sustained by plaintiff as a result of unauthorized securities transactions by its treasurer and chief financial officer, defendant William Wallace. Wallace filed with each of 15 different brokerage firms a corporate resolution authorizing him to open trading accounts in the corporation's name. The resolution was signed by the corporate secretary in the belief that Wallace was acting under the authority of the board of directors. However, both the present and former president of Geotel, Inc. deny that any resolution was ever passed authorizing Wallace to engage in risk securities trading. Nevertheless, Wallace issued corporate checks, payable to plaintiff's various brokerage accounts, which were honored by defendant Extebank and Chemical Bank despite the filing of a corporate resolution with those financial institutions requiring that checks in excess of $2,500 be signed by two corporate officers.

Geotel, Inc. asserted causes of action against the banks for wrongfully honoring the checks issued on Wallace's signature, against the brokerage firms for negligence and breach of duty, and against its accountants, Laventhol and Horwath, for failing to discover the unauthorized checks issued by Wallace in their 1985 audit. Supreme Court properly dismissed the claim against the Stuart-James brokerage on the ground that Wallace acted with Geotel's apparent authority, having fur-

nished a corporate resolution to that effect. The risk of loss from an unauthorized act of a dishonest employee falls on the corporation which appointed him to act on its behalf and not on the party who relies on his apparent authority *(Rudge v Laidlaw-Coggeshall, Inc., 96 AD2d 837).*

Plaintiff's claim against Extebank was also properly dismissed. The proceeds of the checks issued by Wallace were received by plaintiff when they were paid to its accounts at the various brokerage firms. Any loss was a result of the manipulation of those accounts by Wallace over which defendant Extebank exercised no control *(McCoy v Bankers Fed. Sav. & Loan Assn.,* 131 AD2d 646, 649; *Kosic v Marine Midland Bank,* 76 AD2d 89, *affd* 55 NY2d 621). As we observed in *Davis Aircraft Prods. Co. v Bankers Trust Co.* (36 AD2d 705), "Since plaintiff initially received the proceeds of the checks which defendant paid, it suffered no loss which is recoverable from defendant."

By the same reasoning, plaintiff's claim against its accountants should have been dismissed. If payment of the checks issued by Wallace was not the proximate cause of Geotel's loss, the success or failure of Laventhol and Horwath in detecting the issuance of those checks is not material to the question of that firm's liability for any loss which might have been sustained by plaintiff arising out of the allegedly unauthorized securities trading in which Wallace engaged on its behalf. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.