■ ANDREW MEADE, Appellant, v FINGER LAKES-SENECA COOPERATIVE INSURANCE COMPANY, Respondent, et al., Defendant. (And a Third-Party Action.)—Mikoll, J. P. Appeal from an order of the Supreme Court (Rose, J.), entered March 12, 1991 in Tompkins County, which granted defendant Finger Lakes-Seneca Cooperative Insurance Company's motion for summary judgment dismissing the complaint against it.

The central issue here is whether Supreme Court properly granted summary judgment to defendant Finger Lakes-Seneca Cooperative Insurance Company (hereinafter Finger Lakes) dismissing plaintiff's claim for insurance coverage on his premises due to a fire occurring on January 20, 1990. Finger Lakes rejected plaintiff's claim on the ground that plaintiff's policy was canceled 15 days prior to the fire due to nonpayment of premium. Finger Lakes insured plaintiff for fire loss beginning on December 1, 1987. Plaintiff's complaint against Finger Lakes alleges that Finger Lakes owed plaintiff recovery for fire loss pursuant to the contract of insurance and, alternatively, that Finger Lakes, through its agent's negligence, caused plaintiff's policy to remain unpaid because Finger Lakes failed to change the notice of premium due to reflect the address of plaintiff's property manager, failed to send a notice to plaintiff's manager and consequently caused the policy to remain unpaid to plaintiff's detriment.

Plaintiff claims that, at the time the premium became due, he was in military service and that he did not receive a notice of premium due and was unaware that a premium payment had not been made by his property manager. Plaintiff further contends that defendant L.A. Lama Agency, Inc. (hereinafter Lama) was an agent for Finger Lakes, that plaintiff placed his order for fire insurance through Lama, that Lama acted as Finger Lakes' agent, that plaintiff's property manager had informed Lama orally of the change of address to which premium notices should be sent, that Lama failed to communicate the information to Finger Lakes and that Finger Lakes should be held responsible for Lama's negligence.

Finger Lakes' motion for summary judgment dismissing the complaint against it was granted by Supreme Court. Supreme Court held that plaintiff failed to allege or prove that any

misleading conduct of Finger Lakes caused him to believe that Lama was authorized to act on behalf of Finger Lakes with respect to the insurance contract and, therefore, oral notice to Lama of a change of address was insufficient to put Finger Lakes on notice of a change of address. The court also found that Finger Lakes mailed a notice of premium due to plaintiff's last known address, having received no change of address notification from plaintiff, and that the policy lapsed for nonpayment of premium.

There should be an affirmance. "[A] principal is liable on contracts entered into on [its] behalf by [an] authorized agent" (3 NY Jur 2d, Agency, § 247, at 71). Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into the transaction. The agent cannot by his own acts imbue himself with apparent authority *(see, Ford v Unity Hosp.,* 32 NY2d 464, 473; *see also,* Restatement [Second] of Agency § 27). Moreover, a third party with whom the agent deals may rely on the appearance of authority only to the extent that such reliance is reasonable *(see, Di Russo v Grant,* 28 AD2d 847). A broker is the agent of the insured and not the insurer *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 442, n 3).

It is not contested that plaintiff never communicated notice of an address change to Finger Lakes. Finger Lakes' premium notices to plaintiff were consequently sent to the address provided by plaintiff in the application for insurance forwarded to it by Lama. Plaintiff's theory that Lama was an agent for Finger Lakes and was therefore obliged to communicate plaintiff's oral notice of a change of address to Finger Lakes was found by Supreme Court not to be established by the supporting documents and affidavits on the motion for summary judgment. We concur. Plaintiff has failed to establish that Finger Lakes either actually or by conduct did anything to lead plaintiff to believe that notice to Lama would be notice to Finger Lakes or that Lama was its agent for purposes of receiving notice of a change of address. Plaintiff has failed to establish entitlement to judgment under the insurance contract or under any theory of negligence.

Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.