■ AROL DEVELOPMENT CORPORATION, Appellant, v WHITMAN & RANSOM, Respondent. [626 NYS2d 118] —Order, Supreme Court, New York County (Angela M. Mazzarelli, J.), entered on or about June 16, 1994, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint and finding plaintiff liable to defendant on its counterclaim for legal fees and disbursements, unanimously reversed, on the law, with costs and disbursements, and the motion denied.

This action involves a dispute between plaintiff Arol Development Corporation, a closely held corporation controlled by the Buntzman family, and the defendant law firm as a result of defendant's representation of Arol Buntzman in a prior lawsuit between Arol and his father, David, over the management of the corporation's affairs. In that lawsuit David, *inter alia,* disputed Arol's continued authority as president of the corporation and claimed that Arol breached his fiduciary duties as an officer of the corporation. That action and a related action were consolidated and tried together. A jury

found that Arol had fraudulently obtained a majority of the corporation's common voting stock and was therefore not the controlling shareholder. As a result, the father gained control of the corporation. Judgment was never entered inasmuch as the parties reached an undisclosed settlement and the actions were discontinued.

In this action, the corporation charges defendant with negligence and malpractice as well as breach of fiduciary duty. It seeks, *inter alia,* the recovery of approximately $190,000 in fees defending Arol in the earlier actions. Defendant counterclaims for approximately $730,000, which remains unpaid, incurred in defending Arol in those actions.

The order granting summary judgment to defendant dismissing the complaint and adjudging plaintiff liable on defendant's counterclaim for legal fees was based on the IAS Court's application of collateral estoppel derived from a judgment in a separate action brought against plaintiff by Coopers & Lybrand on a claim for accounting services *(Coopers & Lybrand v Arol Dev. Corp.,* index No. 3010/92). In the *Coopers* case, the trial court, sitting without a jury, imposed liability on the basis of apparent authority, finding that the corporation was estopped from denying Arol Buntzman's authority to hire Coopers on the corporation's behalf for services with respect to the earlier actions.

In disposing of the agency issue in this case on the basis of a finding of apparent authority in the Coopers' case the IAS Court erred. A finding of reasonable reliance by Coopers cannot be deemed conclusively applicable to defendant since the factual issue of reliance always depends on proof of the state of mind of the person claiming reliance. Whether Coopers relied to its detriment upon the apparent authority of Arol to represent the corporation is not dispositive or even relevant to the issue of whether defendant attorneys relied on such apparent authority or relied at all. The issue of apparent authority presents what is inherently a fact determination. *(See, Ford v Unity Hosp.,* 32 NY2d 464, 472-473.) When facts and circumstances serve to put the third party on notice that the agent may not be authorized to represent the principal, the third party has a duty to inquire as to the scope of the purported authority. *(Legal Aid Socy. v Economic Opportunity Commn.,* 132 AD2d 113.) Concur—Sullivan, J. P., Ellerin, Wallach and Kupferman, JJ.