SPORTS CAR CENTRE OF SYRACUSE, LTD., Appellant, v PATRICK J. BOMBARD et al., Defendants, and BOMBARD CAR COMPANY, INC., Respondent. [672 NYS2d 201] —Judgment unanimously reversed on the law with costs, motion denied and new trial granted against defendant Bombard Car Company, Inc. Memorandum: At the outset, we note that plaintiff appealed from an order and not from the subsequent judgment. We deem the appeal to have been taken from the judgment (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

Supreme Court erred in granting the motion of Bombard Car Company, Inc. (defendant), for a directed verdict on the ground that defendant was not liable under the doctrine of respondeat superior for the acts of its employee. Viewed in the light most favorable to plaintiff, the evidence at trial establishes that, in the spring of 1994, defendant's employee picked up a 1989 Mercedes-Benz and a 1991 Subaru from plaintiff, to be auctioned on plaintiff's behalf. Between 1992 and 1994, plaintiff had entered into more than 20 transactions with defendant to wholesale its used vehicles at auction. In those transactions, plaintiff completed a bill of sale but did not include the eventual buyer's name until the vehicle was sold at the auction. After the vehicle was sold, a check made payable to defendant for the amount of the sale was released to defendant's employee. Defendant thereafter paid plaintiff for the vehicle from the auction proceeds.

With regard to the two transactions at issue, defendant's

employee picked up the vehicles from plaintiff, sold the vehicles at auction, and received the proceeds by checks payable to defendant. Defendant's employee thereafter cashed the checks and converted the proceeds to his own use. Defendant's president testified that, in the spring of 1994, the employee's responsibilities included buying used cars for defendant and taking used vehicles from other dealers and selling them at auction. Although defendant's president denied that the employee was specifically authorized to conduct the transactions in question, he admitted that the employee was authorized to conduct those types of transactions without specific permission and, in fact, had bought and sold some 300 used cars while employed by defendant. At the close of the proof, the court granted defendant's motion for a directed verdict on the ground that the employee was acting outside of the scope of his authority when he converted the proceeds at issue. That was error.

In determining whether an employee acted within the scope of his employment, consideration must be given to "the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated" (*Riviello v Waldron*, 47 NY2d 297, 303). An employer is liable for the acts of its employee when the employee "is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities" (*Lundberg v State of New York*, 25 NY2d 467, 470, *rearg denied* 26 NY2d 883). An employer may be vicariously liable for conversion by an employee where the employee is acting within the scope of his apparent authority (*see, Rocks & Jeans v Lakeview Auto Sales & Serv.*, 184 AD2d 502; *Hatton v Quad Realty Corp.*, 100 AD2d 609, *lv denied* 63 NY2d 608; *Rudge v Laidlaw-Coggeshall, Inc.*, 96 AD2d 837). If the employee was authorized to accept the check that he eventually misappropriated, the employer corporation would be liable for the misappropriation (*see, Rudge v Laidlaw-Coggeshall, Inc., supra*). "If the corporation selected a dishonest person to represent itself, it, and not the plaintiff, should bear the risk of unauthorized acts, having placed the person in a position to perpetrate the wrong" (*Rudge v Laidlaw-Coggeshall, Inc., supra*, at 838).

Because the employee was acting within the scope of his authority in wholesaling plaintiff's vehicles, the motion for a

directed verdict should have been denied. Because the record fails to disclose that plaintiff moved for a directed verdict, we do not consider plaintiff's contention that the court should have granted a directed verdict against defendant. Consequently, we reverse the judgment, deny defendant's motion and grant a new trial against defendant. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Directed Verdict.) Present—Pine, J. P., Lawton, Wisner, Balio and Boehm, JJ.