◼ STRATEGIC DEVELOPMENT CONCEPTS, INC., Formerly Known as AROL DEVELOPMENT CORPORATION, Appellant, v WHITMAN & RANSOM, Respondent. [731 NYS2d 26] —Order and judgment (one paper), Supreme Court, New York County (Kibbie Payne, J.), entered October 18, 2000, which, confirming in part and rejecting in part the recommendation of a Special Referee, granted defendant recovery on its counterclaims for attorneys' fees and disbursements in the total principal amount of $586,298.49, plus interest computed from August 31, 1991, and implicitly dismissed plaintiff's legal malpractice complaint seeking to recover, *inter alia*, attorneys' fees and disbursements plaintiff had previously paid to defendant, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 24, 2000, as amended by order entered on or about May 25, 2000, which, after a nonjury trial, dismissed plaintiff's complaint, found plaintiff liable to defendant on the counterclaims to recover unpaid attorneys' fees and disbursements incurred in prior litigation, and referred the issue of the reasonable value of defendant's legal services and disbursements to a Special Referee to hear and report, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant law firm (W&R) was retained in 1990 by nonparty Arol Buntzman (Arol) to represent plaintiff corporation (SDC) and Arol, who was then SDC's president and purported controlling shareholder, in an action against Arol's father, David Buntzman (David), another SDC shareholder, asserting, *inter alia*, causes of action for waste, repayment of corporate loans and other misconduct affecting the corporation. David and the remaining SDC shareholders then commenced an action in their own names and in the name of SDC against Arol and certain corporate employees seeking, *inter alia*, a declaration that David, not Arol, was the controlling shareholder of SDC. A consolidated trial of the actions resulted in an August 1991 jury verdict finding, *inter alia*, that Arol had fraudulently obtained control of SDC, whereupon Arol relinquished control of SDC to David.

In this action, SDC seeks, based on allegations of legal malpractice, to recover corporate funds Arol caused it to pay W&R prior to the change of control, and W&R seeks to recover outstanding amounts it billed SDC for legal fees and disbursements in the prior litigation. On a prior appeal (*Arol Dev. Corp.*

*v Whitman & Ransom*, 215 AD2d 145), this Court remanded for trial on the issue of whether W&R reasonably relied on the apparent authority of Arol, if any, to bind SDC. We now affirm the trial court's determination of the apparent authority issue in W&R's favor and subsequent entry of judgment after further proceedings to determine the reasonable value of the legal services and disbursements in question.

The trial court's determination that, as to W&R, Arol had apparent authority to control SDC is supported by, *inter alia*, the undisputed fact that, as of the time the prior litigation was commenced, Arol had actually been managing the corporation's day-to-day business without interruption, and with David's public acquiescence, since the early 1970's, and by W&R's undisputed proof that, before undertaking to represent SDC and Arol in the prior litigation, it had satisfied its duty to inquire as to the scope of Arol's purported authority by reviewing the relevant corporate books and records and discussing the underlying facts with Arol and other management personnel (*see, Arol Dev. Corp. v Whitman & Ransom, supra*, at 146, citing *Legal Aid Socy. v Economic Opportunity Commn.*, 132 AD2d 113).

Since Arol claimed to own 90% of SDC's voting stock, and W&R was entitled to credit that claim in good faith, W&R could rely on Arol's apparent authority in undertaking to represent SDC in the prior litigation, in which W&R prosecuted causes of action in which SDC was beneficially interested (*cf., Stone v Frederick*, 245 AD2d 742, 745). It is irrelevant to W&R's right of recovery that it failed to obtain relief for SDC on any of the causes of action it prosecuted, since there is no indication that W&R was retained on a contingent-fee basis, and the causes of action were asserted as direct claims of the corporation, not by way of a shareholder's derivative action (*cf., Seinfeld v Robinson*, 246 AD2d 291, 294).

Notwithstanding that the complaint filed by David and all remaining SDC shareholders other than Arol asserted, *inter alia*, causes of action for mismanagement of SDC, there was no necessity to obtain independent counsel for SDC, inasmuch as all persons having beneficial interests in the corporation were represented in the lawsuit, and any independent counsel for the corporation would not represent any real interests not already before the court. Since any appearance of a conflict of interest between Arol and SDC was therefore illusory, W&R did not commit any malpractice or other professional misconduct in continuing to prosecute claims in the names of both Arol and SDC.

We have considered, and have found unavailing, SDC's remaining arguments challenging the trial court's determination of liability issues, its determination of the reasonable value of W&R's legal services and disbursements in the prior litigation, and its award of prejudgment interest. Concur—Nardelli, J. P., Lerner, Rubin, Saxe and Marlow, JJ.