■ FIRST NATIONAL OF NORTH AMERICA, LC, Appellant, v NATIONS CREDIT CORPORATION et al., Defendants, and AMERICAN BUSINESS CREDIT, INC., Respondent. [762 NYS2d 414] —On the Court's own motion, it is ordered that its unpublished decision and order dated April 21, 2003, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Mason, J.), dated January 9, 2002, and (2) an order of the same court, dated March 29, 2002, which, upon the decision, inter alia, granted the motion of the defendant American Business Credit, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it and for summary judgment on its counterclaim for a judgment declaring that it has a valid first mortgage and lien on the subject premises and that the plaintiff has no claim to the subject premises, and, in effect, denied the plaintiff's cross motion for summary judgment and to dismiss the counterclaims asserted against it by the defendant American Business Credit, Inc.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is modified, on the law, by *(1) deleting the first decretal paragraph thereof and substituting therefor a provision denying the motion, and (2) deleting the*

*second, third, and fourth decretal paragraphs thereof*; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 1997 the defendant Edward Pough borrowed $150,000 from Morning Star Real Estate and Mortgage Financing Corp. (hereinafter Morning Star), which was secured by a mortgage, to purchase the subject premises. In 1998 Morning Star assigned the mortgage to the plaintiff, First National of North America, LC (hereinafter First National). By letter dated March 1, 1999, First National informed Pough that he should direct questions about his account, including requests for payoff information, to Morning Star. Thereafter, Pough sold the subject premises to the defendants Eric Johnson and Angie Harris, who borrowed $182,000 from the defendant American Business Credit, Inc. (hereinafter American), in exchange for a mortgage. At the closing, American provided a check in the amount of $140,000 to Morning Star in satisfaction of the Pough mortgage. However, the president of Morning Star allegedly embezzled the funds. Subsequently, upon learning that Johnson and Harris were making mortgage payments to American, First National commenced the instant action to quiet title, and American counterclaimed for the same relief.

American moved for summary judgment dismissing the amended complaint and for summary judgment on its counterclaim. First National cross-moved for summary judgment on its claim to quiet title and for summary judgment dismissing American's counterclaims. The Supreme Court granted American's motion and, in effect, denied First National's cross motion, finding that Morning Star had apparent authority to accept the payoff on behalf of First National, and, as a result, the Pough and First National mortgage had been satisfied.

American failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Among other things, it failed to demonstrate that it "fulfilled its duty to conduct a reasonable inquiry" into the scope of Morning Star's alleged authority (*U.O.M. Trading Corp. v 85 S. Ocean Realty Corp.*, 251 AD2d 652 [1998]; *see Ford v Unity Hosp.*, 32 NY2d 464, 472 [1973]), and that its alleged reliance on the appearance of that purported authority was reasonable under the circumstances (*see 11 Duke St. v Ryman*, 280 AD2d 429 [2001]).

Accordingly, the Supreme Court should have denied American's motion.

The plaintiff's contention that its cross motion for summary judgment should have been granted is without merit. Altman, J.P., Florio, H. Miller and Adams, JJ., concur.