■ 56 EAST 87TH UNITS CORP., Respondent, v KINGSLAND GROUP, INC., et al., Appellants, et al., Defendants. (And Another Action.) [815 NYS2d 576]—

Order and judgment (one paper), Supreme Court, New York County (Walter B. Tolub, J.), entered May 24, 2005, granting plaintiff partial summary judgment on its first, second and seventh causes of action and dismissing the first and second counterclaims of the Kingsland and remaining lender defendants, and order, same court and Justice, entered October 6, 2005, which granted said defendants' motion for reargument and adhered to its original decision, unanimously affirmed, with costs.

Plaintiff's president lacked authority to enter into the instant loan transaction with the Kingsland and lenders defendants on plaintiff's behalf. The bylaws, and plaintiff's own past practice, make it clear that the president required board authorization to

enter into such transactions. There was no such authorization for this transaction. Nor was the president cloaked in apparent authority. It is axiomatic that apparent authority must be based on the actions or statements of the principal (*see e.g. Hallock v State of New York*, 64 NY2d 224, 231 [1984]). These defendants could point to no act or word of the plaintiff that might have conferred such authority. Rather, they rely on past dealings with the president in his capacity as principal for his own business entities, which were unrelated to plaintiff. We need not consider defendants' contention that plaintiff ratified the transaction, because it is raised for the first time on appeal. Were we to reach this argument, we would reject it. Given that plaintiff promptly objected once it learned of the transaction, and never received the loan proceeds, which were diverted by the president to his wife's corporation, plaintiff cannot be held to have ratified the transaction. Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.