■ GERALD HOLMES et al., Appellants, v GARY GOLDBERG & COMPANY, INC., Respondent. [838 NYS2d 105]—

In an action, inter alia, in effect, to hold the defendant liable for conversion committed by its former employee, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated January 3, 2006, which granted the defen-

dant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the complaint is denied.

The plaintiffs allege that they incurred economic injury when their sister, a financial advisor in the employ of the defendant, converted monies from their brokerage account. They brought this action to recover damages for their alleged economic loss, seeking to hold the defendant vicariously liable for their sister's actions. The defendant moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). The Supreme Court granted the motion to dismiss the complaint. We reverse.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleadings a liberal construction, accept all facts as alleged in the pleadings to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Morone v Morone,* 50 NY2d 481 [1980]). Applying this standard here, the complaint does state a cause of action, in effect, to hold the defendant liable for conversion committed by its former employee under a theory of vicarious liability.

Pursuant to the doctrine of respondeat superior, liability for an employee's tortious acts may be imputed to the employer when they were committed "in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr.,* 97 NY2d 247, 251 [2002]). "An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his employer, or if his act may be reasonably said to be necessary or incidental to such employment" (*Davis v Larhette,* 39 AD3d 693, 694 [2007]; *see Smith v Midwood Realty Assoc.,* 289 AD2d 391, 391-392 [2001]). While such vicarious liability does not arise from acts that are committed for the employee's personal motives unrelated to the furtherance of the employer's business (*see N.X. v Cabrini Med. Ctr., supra*), those acts which the employer could reasonably have foreseen are within the scope of the employment and thus give rise to liability under the doctrine of respondeat superior (*see Riviello v Waldron,* 47 NY2d 297, 302-305 [1979]), even where those acts constitute an intentional tort (*cf. Naegele v Archdiocese of New York,* 39 AD3d 270 [2007]) or a crime (*see N.X. v Cabrini Med. Ctr., supra; Sports Car Ctr. of Syracuse v Bombard,* 249 AD2d 988 [1998]). "[I]t is certainly

foreseeable that an agent entrusted with significant sums of money might convert such funds to his [or her] own use" (*Hatton v Quad Realty Corp.*, 100 AD2d 609, 610 [1984]; *see Rudge v Laidlaw-Coggeshall, Inc.*, 96 AD2d 837 [1983]). Therefore, the Supreme Court improperly granted the defendant's motion to dismiss the complaint. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.