■ EDINBURG VOLUNTEER FIRE COMPANY, INC., Respondent, v DANKO EMERGENCY EQUIPMENT COMPANY, Appellant. [867 NYS2d 547]—

Kane, J. Appeal from an amended judgment of the Supreme Court (Ferradino, J.), entered January 24, 2008 in Saratoga County, upon a decision of the court in favor of plaintiff.

Ron Fahd entered into a distributor agreement with defendant whereby Fahd would work as an independent contractor promoting the sale and distribution of fire trucks manufactured by defendant. Fahd began negotiating with plaintiff concerning the purchase of a fire truck from defendant. To encourage the sale, Fahd provided defendant's brochures to plaintiff and drove one of defendant's fire trucks to plaintiff's location for a demonstration, allowing plaintiff's members to test drive the truck. He also provided a detailed price quote on a form labeled "Quotation—Ron Fahd Sales." As a result of discussions, Fahd quoted plaintiff a price of $158,900 and offered a $2,000 discount in exchange for, among other things, prepayment of the cost of the chassis. On forms created by defendant and containing its letterhead, Fahd drafted an "Order Checklist" and plaintiff's president and Fahd, acting as dealer for defendant, signed a "Proposal for Fire Apparatus." Plaintiff's president and Fahd also signed a document, on Fahd's letterhead, containing the discounted price. Although none of the documents referred to any prepayment, plaintiff's treasurer tendered a $55,000 check payable to "Ron Fahd Sales" for prepayment as required by Fahd to obtain the discount.

Fahd never informed defendant about the discount or prepayment. He forged the signature of plaintiff's treasurer on a different version of the "Proposal for Fire Apparatus" and a "Sales Contract" containing a price of $158,300. After these forged documents were provided to defendant, defendant signed the "Sales Contract" and began preparing to manufacture the ordered fire truck. When defendant later contacted plaintiff about certain specifications for the truck, the parties learned of the forgeries and discovered that Fahd had cashed the prepayment check and absconded with the money. Before the money could be recouped, Fahd committed suicide.

Plaintiff commenced this action asserting causes of action for negligent hiring and breach of contract. Defendant moved for summary judgment dismissing the complaint and plaintiff cross-

moved for summary judgment in its favor. Supreme Court denied both motions. Following a bench trial, the court dismissed the negligence cause of action, found that Fahd did not have actual authority to enter into the contract on defendant's behalf but he did have apparent authority, and awarded plaintiff damages of $55,000 on its breach of contract claim. Defendant appeals.

Because plaintiff failed to prove that Fahd had apparent authority to enter into the contract at issue on defendant's behalf, defendant was entitled to judgment in its favor. Apparent authority will only be found where words or conduct of the principal—not the agent—are communicated to a third party, which give rise to a reasonable belief and appearance that the agent possesses authority to enter into the specific transaction at issue (see *Hallock v State of New York*, 64 NY2d 224, 231 [1984]; *Ford v Unity Hosp.*, 32 NY2d 464, 473 [1973]; *Searle v Cayuga Med. Ctr. at Ithaca*, 28 AD3d 834, 836 [2006], *as amended*; *Merrell-Benco Agency, LLC v HSBC Bank USA*, 20 AD3d 605, 608 [2005], *lv dismissed and denied* 6 NY3d 742 [2005]). An "agent cannot by his own acts imbue himself with apparent authority" to act for a principal (*Hallock v State of New York*, 64 NY2d at 231; *see Ford v Unity Hosp.*, 32 NY2d at 473; *Morgold, Inc. v ACA Galleries*, 283 AD2d 407, 408 [2001]). Additionally, "[t]he mere creation of an agency for some purpose does not automatically invest the agent with 'apparent authority' to bind the principal without limitation" (*Ford v Unity Hosp.*, 32 NY2d at 472).

Defendant had no contact with plaintiff until after Fahd absconded with the prepayment money. Defendant did provide Fahd with company literature, forms and a price quote, and permitted Fahd to advertise its merchandise on his Web site and utilize a demonstration truck. Perhaps most significantly, defendant permitted Fahd to negotiate a proposal for a contract for the sale of the fire truck. While this conduct may imply that Fahd was given some authority to negotiate or act on defendant's behalf, it is insufficient to create apparent authority for Fahd to enter into the specific transaction at issue, namely to finalize an agreement to accept prepayment payable to Fahd's personal company in exchange for a discounted price on defendant's fire truck.

Even if we were to find some indicia of agency related to the precise transaction at issue, plaintiff failed to make reasonable inquiry with defendant to verify the extent of Fahd's authority. "Parties dealing with an agent do so at their peril and must make the necessary effort to discover" the true scope of the

agent's authority (*Barden & Robeson Corp. v Czyz*, 245 AD2d 599, 600 [1997]; *see Ford v Unity Hosp.*, 32 NY2d at 472; *Legal Aid Socy. of Northeastern N.Y. v Economic Opportunity Commn. of Nassau County*, 132 AD2d 113, 115 [1987]). Plaintiff should have been, and actually was, suspicious of some aspects of the prepayment arrangement. Although the proposal listed the purchase price, the prepayment was not credited nor even mentioned in any document. Several documents, including the order checklist, specifically stated that no prepayment was contemplated. Plaintiff's treasurer even inquired of Fahd as to why the prepayment check was being made payable to his personal company rather than defendant, but blindly accepted his answer without contacting defendant to confirm this unusual arrangement (*see Arol Dev. Corp. v Whitman & Ransom*, 215 AD2d 145, 146 [1995]; *Legal Aid Socy. of Northeastern N.Y. v Economic Opportunity Commn. of Nassau County*, 132 AD2d at 115). No receipt was given or requested for the $55,000 prepayment. Defendant's literature listed a toll-free telephone number for customer inquiries, yet plaintiff did not even place a call to verify Fahd's authority (*compare Federal Ins. Co. v Diamond Kamvakis & Co.*, 144 AD2d 42, 46-47 [1989], *lv denied* 74 NY2d 604 [1989]). Under the circumstances, plaintiff failed to establish that Fahd had apparent authority to act on defendant's behalf in accepting the prepayment check (*see First Natl. of N. Am. v Nations Credit Corp.*, 305 AD2d 536, 537 [2003]; *Fleet Bank v Consola, Ricciteli, Squadere Post No. 17*, 268 AD2d 627, 630 [2000]; *Meade v Finger Lakes-Seneca Coop. Ins. Co.*, 184 AD2d 952, 953 [1992]).

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the amended judgment is reversed, on the law, with costs, and complaint dismissed.