■ ER HOLDINGS, LLC, Appellant, v 122 W.P.R. CORP., Respondent, et al., Defendants. [887 NYS2d 138]—

In an action to foreclose two mortgages, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Loehr, J.), entered October 15, 2008, which denied its motion for summary judgment insofar as asserted against the defendant 122 W.P.R. Corp. and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court entered October 24, 2008, which, upon the order, is in favor of the defendant 122 W.P.R. Corp. and against it dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In February and March 2006 Riccardo Tedesco, representing himself as the sole stockholder of the defendant 122 W.P.R. Corp. (hereinafter WPR), provided to the plaintiff, ER Holdings, LLC (hereinafter ER), two mortgages referable to commercial real property located at 122-136 West Post Road, White Plains, as security for two loans totaling $870,000.

After Tedesco defaulted on the loans, ER commenced this action seeking to foreclose the mortgages. After discovery, ER moved for summary judgment. WPR opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that, inter alia, Lydia Tedesco-Nioras, Tedesco's daughter, was WPR's sole shareholder and Tedesco lacked authority to bind it to the mortgages. The Supreme Court denied ER's motion and granted WPR's cross motion dismissing the complaint insofar as asserted against it. On appeal, ER contends, inter alia, that WPR should be estopped from denying that Tedesco had apparent authority to bind it to the mortgages, as ER performed the due diligence necessary to enable it to rely on Tedesco's representations.

" 'One who deals with an agent does so at his [or her] peril, and must make the necessary effort to discover the actual scope of authority' " (*Fitzgibbon v Abatelli Real Estate,* 214 AD2d 642, 644 [1995], quoting *Ford v Unity Hosp.,* 32 NY2d 464, 472 [1973]). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority" (*Hallock v State of New York,* 64 NY2d 224, 231 [1984]). "It is axiomatic that apparent authority must be based on the actions or statements of the principal" (*56 E. 87th Units Corp. v Kingsland Group, Inc.,* 30 AD3d 1134, 1135 [2006]).

Here, the Supreme Court properly determined that ER failed to identify any act or word by which Tedesco-Nioras conferred apparent authority upon Tedesco (*see Hallock v State of New York,* 64 NY2d at 231; *56 E. 87th Units Corp. v Kingsland Group, Inc.,* 30 AD3d at 1135). Moreover, ER failed to make a prima facie showing that it had conducted due diligence on the transactions, as its principals both testified that they did not investigate any of Tedesco's assertions regarding his ownership of WPR (*see Fitzgibbon v Abatelli Real Estate,* 214 AD2d at 644).

Accordingly, the Supreme Court properly denied ER's motion for summary judgment and granted WPR's cross motion for summary judgment dismissing the complaint insofar as asserted against it (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The parties' remaining contentions are without merit. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.