WALTER MARSHALL et al., Respondents, v ROBERT MARSHALL et al., Appellants. [905 NYS2d 182]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal (1) from an order of the Supreme Court, Queens County (Schulman, J.), entered December 30, 2008, and (2), as limited by their brief, from so much of an amended order of the same court entered March 10, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Emily Marshall, granted that branch of the plaintiffs' cross motion which was for summary judgment on the complaint insofar as asserted by the plaintiff Emily Marshall, and granted the plaintiff Emily Marshall leave to enter judgment against them in the principal sum of $36,000. ·

Ordered that the appeal from the order entered December 30, 2008, is dismissed, as that order was superseded by the amended order entered March 10, 2009; and it is further,

Ordered that the amended order entered March 10, 2009, is affirmed insofar as appealed from; and it further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs Walter Marshall and Emily Marshall commenced this action against the defendants Robert Marshall and Miriam Marshall, inter alia, to recover damages for breach of contract, alleging that the defendants failed to make payments in satisfaction of a promissory note payable to them. Although the defendants made no payments in satisfaction of the loan underlying the note, the plaintiff Walter Marshall inscribed the words "paid in full $36,000" at the bottom of the promissory note, and signed his name underneath.

The defendants moved for summary judgment dismissing the complaint, arguing, among other things, that their obligations under the promissory note had been discharged. The plaintiffs cross-moved for summary judgment on the complaint, arguing, among other things, that the plaintiff Walter Marshall did not have the authority to act on behalf of the plaintiff Emily Mar-

shall in discharging or releasing the defendants' obligations to her under the promissory note, and that, as to the plaintiff Walter Marshall, the discharge or release should be set aside on the grounds of fraud or mistake.

In an amended order entered March 10, 2009, which incorporated an order of the same court entered December 30, 2008, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Walter Marshall, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Emily Marshall, granted that branch of the plaintiffs' cross motion which was for summary judgment on the complaint insofar as asserted by the plaintiff Emily Marshall, denied that branch of the plaintiffs' cross motion which was for summary judgment on the complaint insofar as asserted by the plaintiff Walter Marshall, and granted leave to the plaintiff Emily Marshall to enter judgment in the full amount due under the promissory note, plus interest. We affirm the amended order insofar as appealed from.

Contrary to the defendants' contentions, the plaintiff Walter Marshall did not have the authority to act on behalf of the plaintiff Emily Marshall in discharging or releasing her interest in the promissory note. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (*Hallock v State of New York*, 64 NY2d 224, 231 [1984]; *see ER Holdings, LLC v 122 W.P.R. Corp.*, 65 AD3d 1275, 1277 [2009]; *Jesmer v Retail Magic, Inc.*, 55 AD3d 171, 182 [2008]). "[A]pparent authority must be based on the actions or statements of the principal" (*56 E. 87th Units Corp. v Kingsland Group, Inc.*, 30 AD3d 1134, 1135 [2006]), and "[t]he agent cannot by his [or her] own acts imbue himself [or herself] with apparent authority" (*Hallock v State of New York*, 64 NY2d at 231).

Here, the Supreme Court properly determined that the defendants failed to submit any evidence identifying an act or word on the part of the plaintiff Emily Marshall which would have given rise to the appearance and reasonable belief that the plaintiff Walter Marshall possessed the authority to execute a release on her behalf (*see ER Holdings, LLC v 122 W.P.R. Corp.*, 65 AD3d at 1277; *150 Beach 120th St., Inc. v Washington Brooklyn Ltd. Partnership*, 39 AD3d 722, 723-724 [2007]; *cf. Rapp v Briarcliff Contemporaries*, 190 AD2d 785 [1993]). Accordingly, the Supreme Court properly denied that branch of

the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Emily Marshall. For the same reason, the plaintiffs established their prima facie entitlement to judgment as a matter of law in connection with the claims asserted by the plaintiff Emily Marshall, and the defendants failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment on the complaint insofar as asserted by the plaintiff Emily Marshall (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Furthermore, the Supreme Court properly granted the plaintiff Emily Marshall leave to enter judgment in her favor in the total amount due under the promissory note. UCC 3-116 provides, inter alia, that an instrument payable to the order of copayees may be negotiated or discharged only by all of the payees (*see* UCC 3-116 [b]; *Kryten Iron Works v Ultra-Tech Fabricators*, 228 AD2d 416 [1996]; *Maldonado v Aetna Cas. & Sur. Co.*, 184 AD2d 553, 554 [1992]; *see also First Natl. Bank of Brooklyn v Gridley*, 112 App Div 398 [1906]). It is undisputed that the promissory note was payable to both plaintiffs. Accordingly, the plaintiff Walter Marshall could not discharge or release the interest of the plaintiff Emily Marshall in the note without her consent (*see* UCC 3-116 [b]), and she is entitled to enter judgment in her favor in the full amount of the note, plus interest. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.