# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**496**

**CA 14-01911**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

REGENCY OAKS CORPORATION, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NORMAN-SPENCER MCKERNAN, INC., DEFENDANT-APPELLANT.

---

KEIDEL, WELDON & CUNNINGHAM, LLP, SYRACUSE (DEBRA M. KREBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (ANDREW J. RYAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered August 20, 2014. The order granted the motion of plaintiff for partial summary judgment on liability.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff, a professional employer organization (PEO), commenced this fraud action alleging that defendant is liable for the acts of its former employee, who provided plaintiff with a falsified workers' compensation insurance policy and a certificate of liability insurance purportedly issued by American International Group (AIG). Defendant is an insurance agency, and AIG is one of the insurance companies that defendant represents. Plaintiff alleged that defendant assigned its employee, a "producer" who specialized in obtaining insurance for PEOs, to work with plaintiff. Defendant was aware that its employee had a private company, Professional Insurance Managers (PIM), but the employee had signed a covenant not to compete when he was hired by defendant, and he advised an owner of defendant that he had nothing more to do with PIM. Defendant's employee, however, prepared a proposal for plaintiff from PIM. Plaintiff's president questioned defendant's employee regarding PIM and was advised that PIM was a division of defendant that specialized in PEOs. Defendant's employee directed plaintiff to pay over $220,000 in premium payments to an account that was controlled by PIM, and plaintiff thereafter received what was a purported insurance policy issued by AIG, effective from December 15, 2005 to December 15, 2006. In the spring of 2006, plaintiff received a notice from the New York State Workers' Compensation Board issuing a penalty for failure to have proper workers' compensation coverage in effect. Plaintiff forwarded the notice to defendant's employee, and thereafter received a certificate and letter, purportedly issued by AIG, confirming that

the policy was in full force and effect.  Defendant terminated the employee's employment on June 29, 2006 when it learned that he had embezzled funds from another customer.

Supreme Court granted plaintiff's motion seeking partial summary judgment on liability.  We affirm.

"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by [the maker], made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421).  It is undisputed that the insurance policy purportedly issued by AIG was false, and thus plaintiff established that a false representation was made that was known to be false by defendant's employee.  Defendant contends, however, that the justifiable reliance element was not met because it cannot be liable for the acts of its employee, and plaintiff's reliance on the alleged "apparent authority" of defendant's employee was not reasonable.

It is axiomatic that "[t]he mere creation of an agency for some purpose does not automatically invest the agent with 'apparent authority' to bind the principle without limitation . . . An agent's power to bind his [or her] principal is coextensive with the principal's grant of authority" (*Ford v Unity Hosp.*, 32 NY2d 464, 472-473).  "Essential to the creation of apparent authority are words or conduct of the principal, communicated to the third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction.  The agent cannot by his [or her] own acts imbue himself [or herself] with apparent authority.  'Rather, the existence of "apparent authority" depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal – not the agent' . . . Morever, a third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable" (*Hallock v State of New York*, 64 NY2d 224, 231, quoting *Ford*, 32 NY2d at 473).  Here, plaintiff contacted defendant seeking workers' compensation coverage, and defendant assigned its employee who specialized in plaintiff's type of business to assist plaintiff.  We therefore conclude that plaintiff established that it reasonably relied upon the authority of defendant's employee to act for defendant.

We conclude that plaintiff fulfilled its duty to inquire about the authority of defendant's employee to act for defendant by inquiring as to PIM's authority when its president was presented with a proposal from PIM, and not from defendant (*see Herbert Constr. Co. v Continental Ins. Co.*, 931 F2d 989, 995-996 [2d Cir 1991]).  Contrary to the conclusion of our dissenting colleagues, we conclude that plaintiff's reliance on the explanation that PIM was a division of defendant was reasonable under the circumstances (*cf. Marshall v Marshall*, 73 AD3d 870, 871; *Edinburg Volunteer Fire Co., Inc. v Danko Emergency Equip. Co.*, 55 AD3d 1108, 1110; *1230 Park Assoc., LLC v*

*Northern Source, LLC*, 48 AD3d 355, 355-356).  The proposal stated that PIM represented numerous carriers, including AIG, and that the relationships with those carriers "allow [defendant] to provide clients with the broadest array of services."  Furthermore, plaintiff received a policy and a certificate of insurance, albeit falsified, that appeared to be issued by AIG.  "An employer is liable for the acts of its employee when the employee 'is doing something in furtherance of the duties he [or she] owes to [the] employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities' " (*Sports Car Ctr. of Syracuse v Bombard*, 249 AD2d 988, 989; *see Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d 1033, 1034-1035).  Thus, because defendant was referenced in the proposal prepared by PIM, and because defendant's employee provided the service for which plaintiff had contacted defendant (*cf. Zigabarra v Falk*, 143 AD2d 901, 901-902), we conclude that plaintiff established that its reliance on the employee's explanation that PIM was a division of defendant was reasonable, and defendant failed to raise an issue of fact sufficient to defeat the motion.

     All concur except LINDLEY and DEJOSEPH, JJ., who dissent and vote to reverse in the following memorandum:  We respectfully dissent.  In our view, Supreme Court erred in granting plaintiff's motion for partial summary judgment.  Therefore, we would reverse.

     While we agree with the majority that plaintiff had contact with defendant, the principal, in order to purchase workers' compensation insurance and thus had a basis for its belief that defendant's employee acted with the authority of defendant, we conclude that there is a triable issue of fact whether plaintiff's reliance on defendant's employee was reasonable and whether plaintiff failed to make a reasonable inquiry with defendant to verify the extent of the employee's authority.

     "[A] third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable" (*Hallock v State of New York*, 64 NY2d 224, 231).  The insurance proposal received by plaintiff from the employee had "PROFESSIONAL INSURANCE MANAGERS" (hereafter, PIM) on the top of its coverage page with the employee's personal contact information at the bottom, which included his personal microsoft email address – "LDavisjr@msn.com" – instead of his work email address, which was "LEDavis@nsminc.com."  The policy of insurance received by plaintiff does not list defendant but, instead, in the box labeled "Producer's Name & Mailing Address," PIM is listed along with PIM's address in Exton, Pennsylvania.  The certificate of insurance lists the "Producer" as "Professional Insurance Managers, Ltd." and both the address and phone number match those of PIM and not defendant.  Moreover, plaintiff was told to send its premium payments to an account that, "unbeknownst to [plaintiff]," was controlled by PIM.  Plaintiff never went beyond defendant's employee to confirm that PIM was in fact a division of defendant.  Subsequently, plaintiff received correspondence from the New York State Workers' Compensation Board explaining that plaintiff did not have the proper insurance in effect.

Plaintiff forwarded the letter to defendant's employee and, in response, plaintiff received a forged letter from American International Group confirming that the policy was in effect. Based upon all of plaintiff's dealings with defendant's employee, including the "PIM" documents and the letter it received from the New York State Workers' Compensation Board, we cannot conclude that plaintiff's inquiry and/or acceptance of the employee's explanation was reasonable as a matter of law (*see Edinburg Volunteer Fire Co., Inc. v Danko Emergency Equip. Co.*, 55 AD3d 1108, 1109-1111; *Arol Dev. Corp. v Whitman & Ransom*, 215 AD2d 145, 146).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                  Clerk of the Court