Bunn v City of New York (2018 NY Slip Op 07936)





Bunn v City of New York


2018 NY Slip Op 07936


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


7646 158770/13E

[*1]Maryellis Bunn, Plaintiff-Appellant-Respondent,
v
The City of New York, Defendant-Respondent, Port Motors Lincoln-Mercury, Inc., et al., Defendants-Respondents-Appellants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Hoffman, Roth & Matlin, LLP, New York (Joshua Hoffman of counsel), for Port Motors Lincoln-Mercury, Inc., respondent-appellant.
Collins, Fitzpatrick & Schoene, LLP, White Plains, (Wilton R. Fernandez of counsel), for Aldair Lemos and Lucemi Love, respondents-appellants.
Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 15, 2016, which denied plaintiff's motion to declare defendant Port Motors Lincoln-Mercury, Inc. (Port Motors) the owner of the subject motor vehicle, and for summary judgment against Port Motors and defendant Aldair Lemos on the issue of liability, denied Lemos and defendant Lucemi Love's cross motion for summary judgment dismissing the complaint and all cross claims against Love and for summary judgment on their cross claim against Port Motors declaring it the owner of the subject motor vehicle, and denied Port Motors's separate motion for summary judgment dismissing the complaint and all cross claims against it, unanimously modified, on the law, to vacate so much of the order as denied plaintiff's motion, and Lemos and Love's cross motion, to grant the branch of plaintiff's motion and of the cross motion for a declaration that Port Motors was the owner of the subject motor vehicle, and it is so declared, to grant that branch of plaintiff's motion for summary judgment against Port Motors and Lemos on the issue of liability, and to grant that branch of Lemos and Love's cross motion for summary judgment dismissing the complaint and all cross claims against Love, and otherwise affirmed, without costs.
Because Port Motors "fail[ed] to comply with the statutory requirements regarding vehicle registration procedures . . . [it] is estopped from denying ownership of the vehicle and is fully liable to the plaintiff as if it were the owner' of the vehicle" (Brown v Harper, 231 AD2d 483, 484 [2d Dept 1996]; see Switzer v Aldrich, 307 NY 56, 59-60 [1954]; Getz v Searles, 265 AD2d 839, 840 [4th Dept 1999]). Although this Court has held that "title to a motor vehicle is transferred when the parties intend such transfer to occur" (Godfrey v G.E. Capital Auto Lease, Inc., 89 AD3d 471, 477 [1st Dept 2011]), here, there is no evidence that the parties intended to transfer title to the vehicle from Port Motors to Love prior to the accident. Unlike in Godfrey, here, none of the paperwork to begin transferring formal ownership of the vehicle to Love had been executed at the time the accident occurred. Moreover, the purchase order signed by Love contained language allowing Love to cancel the order and be refunded her down payment if she [*2]did not agree to the credit terms once they were presented to her. It is undisputed that Love was never presented with any credit terms prior to the accident and that she still had the right to cancel the transaction.
We reject the argument that the Port Motors employee who allowed Lemos and Love to leave the dealership with the subject vehicle without complying with those registration procedures was acting outside the scope of his employment (see Geotel, Inc. v Wallace, 162 AD2d 166, 168 [1st Dept 1990], lv denied, dismissed 76 NY2d 917 [1990]). Accordingly, Port Motors, being estopped from denying ownership of the vehicle, is responsible for Lemos's negligence, to whom express or implied permission to operate the vehicle was given (see Vehicle and Traffic Law § 388[1]).
Because Port Motors is the de facto owner of the subject vehicle, the action should be dismissed against Love, as should any and all cross claims against her.
Finally, plaintiff should have been awarded summary judgment on the issue of liability against Lemos and, given our holding above, Port Motors. The metal barricade standing in the roadway was not "a sudden and unexpected circumstance which le[ft] little or no time for thought, deliberation or consideration, or cause[d] [Lemos] to be reasonably so disturbed that [he] [had to] make a speedy decision without weighing alternative courses of conduct . . . " (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). Rather, by colliding with the barricade and propelling it onto the sidewalk, where it struck a pedestrian, Lemos failed to both operate his vehicle in a manner that was reasonable and prudent under the circumstances (see e.g. DiCocco v Center for Dev. Disabilities, 264 AD2d 803 [2d Dept 1999]) and to see what was there to be seen through the ordinary use of his senses (see e.g. Aponte v Vani, 155 AD3d 929, 930 [2d Dept 2017]).
We have considered Port Motors's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK